647 F.2d 437
 Horace James COOPER, Appellant,
v.
James P. MITCHELL, Superintendent, Virginia State
Penitentiary; and J. Marshall Coleman, Attorney
General of Virginia, Appellees.
Horace James COOPER, $ 102628, Appellant,
v.
James P. MITCHELL, Superintendent, Virginia State
Penitentiary, Appellee.
 Nos. 80-6682, 80-6683.
 United States Court of Appeals,
Fourth Circuit.
 Argued March 3, 1981.
Decided April 27, 1981.
 
 Stephen A. Saltzburg, Charlottesville, Va., University of Virginia Law School, for appellant.
 Jerry P. Slonaker, Asst. Atty. Gen., Richmond, Va. (Marshall Coleman, Atty. Gen., Richmond, Va., on brief), for appellees.
 Before HAYNSWORTH, C. J., and WINTER and RUSSELL, Circuit Judges.
 WINTER, Circuit Judge:
 
 
 1
 Cooper, a Virginia prisoner, appeals the orders of the United States District Court for the Western District of Virginia denying his petitions for a writ of habeas corpus under 28 U.S.C. § 2254. He contends that he was denied due process of law when he was retried by a jury which imposed a sentence on him much more severe than the sentence imposed by the jury at his first trial, that he was denied his right to a speedy trial when a retrial was necessary because the prosecutor wrongfully withheld exculpatory evidence at his first trial, and that the evidence of his guilt was constitutionally insufficient. Finding no merit in Cooper's claims that he was convicted and is being detained in violation of the Constitution, we affirm.
 
 I.
 
 2
 In 1973 Cooper was convicted by a jury of first degree murder for the killing of his uncle and the jury sentenced him to serve twenty years in prison. After his appeal and petition for post-conviction relief in the state courts were unsuccessful, Cooper sought a federal writ of habeas corpus. He alleged that the Assistant Commonwealth's Attorney who prosecuted him had knowingly permitted one of Cooper's former cellmates to testify falsely that he had heard Cooper admit that he killed his uncle. The petition was denied, but we vacated the district court's order and remanded the case for a factual inquiry into Cooper's allegation that the prosecutor had permitted perjured testimony to be given. Cooper v. Riddle, No. 77-1280 (4 Cir. March 10, 1977) (unpublished).
 
 
 3
 After two hearings at which the prosecutor denied Cooper's allegation, Cooper and the state entered into a formal agreement reciting that a violation of the rule of Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), which prescribes that the prosecution must disclose evidence favorable to the defendant in certain situations, had occurred at Cooper's trial and consenting to entry of an order releasing Cooper from custody unless he be tried anew. Thus, the state conceded that the prosecution's failure to give Cooper, before trial, a statement made by the cellmate which was inconsistent with his trial testimony violated Brady, but did not admit that the prosecutor had knowingly permitted the cellmate to commit perjury. Pursuant to this agreement, the district court entered the requested order directing that he be released from custody unless he was retried within a reasonable time.
 
 
 4
 In June 1978 Cooper was retried in state court. Cooper alleges, and for this appeal we accept as true,[1] that the prosecutor demanded that the case be tried to a jury. This he had a right to do under Virginia law. See Va.R.Crim.P. 3A:19(b). Cooper was again convicted but, this time, the jury sentenced him to ninety-nine years in prison.[2]
 
 
 5
 After unsuccessfully seeking appellate and post-conviction relief from the state courts, Cooper filed two habeas corpus petitions in federal district court. In the first, he alleged that he was denied due process of law because the harsher sentence he received at his second trial was the product of prosecutorial vindictiveness and because the four and one-half year delay between his indictment and the date on which he waived any further speedy trial claim[3] was caused by the prosecution's Brady violation in the first trial. He requested that either his second conviction be set aside for the speedy trial violation or his sentence be reduced to twenty years. In the second petition, Cooper claimed under Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), that the evidence presented at his second trial was insufficient to establish premeditation, a necessary element for conviction of first degree murder under Virginia law. He asked that the conviction be reduced to second degree murder. The district court denied both petitions.
 
 II.
 
 6
 Cooper first argues that the prosecutor acted vindictively in demanding a jury trial because, under North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), a judge could not have sentenced him to more than twenty years in prison, the sentence he received at his first trial, whereas a jury at the second trial, if it was unaware of the first sentence, could impose a more severe punishment. He urges significance also in the fact that the attorney who prosecuted him in the first case and who was later found to have violated Brady, also prosecuted him in the second case.
 
 
 7
 In Chaffin v. Stynchcombe, 412 U.S. 17, 93 S.Ct. 1977, 36 L.Ed.2d 714 (1973), the Supreme Court held that a jury's imposition upon retrial of a harsher sentence than that given at an earlier trial does not offend due process so long as the jury is not informed of the prior sentence and "the second sentence is not otherwise shown to be a product of vindictiveness." Id. at 35. Because there is neither an allegation nor a suggestion in the record that the second jury knew of the first sentence Cooper received, the "first prerequisite for the imposition of a retaliatory penalty" as the Supreme Court characterized such knowledge in Chaffin was not present in this case. Id. at 26. We cannot presume, as Cooper would have us do, that from the mere fact that the jury knew that there had been other proceedings, it knew or guessed that Cooper had received a lesser or greater sentence. Moreover, because no member of the second jury participated in Cooper's first trial, that jury had "no personal stake in the prior conviction and no motivation to engage in self-vindication." Id. at 27.
 
 
 8
 It follows then that imposition of a greater penalty by the second jury uninfluenced by what the first jury had done could not have been the product of vindictiveness such as to deny due process of law. Nor do we think that the veto of the prosecutor of any attempt on the part of Cooper to waive a jury trial could constitute vindictiveness on his part when Cooper exercised his right to a jury trial at the first trial. Cooper's right to a retrial was just that the right to have duplicated the original proceedings without the flaw of suppression of exculpatory evidence. Brady, the authority from which Cooper's right to a new trial stems, does not hold that the accused is entitled to be retried by a prosecutor who is hobbled in deciding his trial strategy; it merely holds that he is entitled to be retried. Moreover the second jury, as long as it was without knowledge of the sentence imposed by the first jury, acted as a buffer between any vindictiveness on the part of the prosecutor and Cooper. Upon finding Cooper guilty of the crime with which he was charged, the second jury was free to increase or decrease the punishment imposed by the first jury.
 
 
 9
 These considerations make this case quite different from Blackledge v. Perry, 417 U.S. 21, 94 S.Ct. 2098, 40 L.Ed.2d 628 (1974). In Blackledge, the Supreme Court held that a defendant was denied due process when, following his conviction of a misdemeanor and his insistence upon a trial de novo in a higher court, a prosecutor obtained a superseding indictment charging him with a felony based on the same act underlying the earlier charge. The Court found that the prosecutor had acted vindictively by "upping the ante." The substituted charges subjected the defendant "to a significantly increased potential period of incarceration" and entailed "more serious collateral consequences than those incurred through a misdemeanor conviction." Id. at 28 & n.6, 94 S.Ct. at 2103. As we have said, in this case the prosecutor could not "up the ante" by assuring that Cooper was subject to a harsher penalty. The second jury could have given him any sentence, either less or more severe than the sentence he received at the first trial. Thus, the jury neutralized whatever vindictiveness the prosecutor may have had in insisting upon a jury trial.
 
 III.
 
 10
 Cooper contends that he was denied due process of law because the four and one-half year delay between his indictment and the date on which he moved for a continuance of his second trial was caused by the prosecutor's Brady violation at the first trial. We see no merit to this claim. In United States v. Ewell, 383 U.S. 116, 121, 86 S.Ct. 773, 777, 15 L.Ed.2d 627 (1966), the Supreme Court stated the rule that a defendant who obtains a reversal of a conviction through appeal or collateral attack may be retried in the normal course of events, notwithstanding the delay incident to such legal proceedings. See also United States v. Tateo, 377 U.S. 463, 84 S.Ct. 1587, 12 L.Ed.2d 448 (1964); United States v. Mills, 434 F.2d 266, 270 (8 Cir. 1970), cert. denied, 401 U.S. 925, 91 S.Ct. 908, 27 L.Ed.2d 828 (1971). Cooper does not claim that he was not retried "in the normal course of events;" and, absent an allegation of prejudice other than the general fading of witnesses' memories which may work to the advantage or disadvantage of either party, there is no reason to reject the rule of Ewell simply because prosecutorial misconduct caused the invalidation of Cooper's first conviction.
 
 IV.
 
 11
 Cooper's final claim for habeas relief is that there was constitutionally insufficient evidence to prove that he acted willfully, deliberately, and with premeditation in killing his uncle. Under Virginia law, only a homicide in which these elements are proved constitutes first degree murder. See Smith v. Commonwealth, 220 Va. 696, 261 S.E.2d 550 (1980). In Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), the Supreme Court held that a prisoner is entitled to habeas relief if, viewing the evidence introduced at his trial in the light most favorable to the prosecution, no rational trier of fact could have found proof of guilt beyond a reasonable doubt. We do not think that Cooper has met that standard in this case.
 
 
 12
 Cooper does not contest the sufficiency of the evidence to prove that he shot his uncle. Cooper's uncle was shot in the buttocks while lying in a bed in the house he shared with Cooper. Cooper used a shotgun, and fired from four to five feet away. Someone cut the house's telephone lines at about the time the uncle was killed. Cooper was shown to have been in the house during the period in which the death occurred, and he was arrested several days after the killing with the uncle's car, checkbook, and pistol. As the district court found, the evidence that the fatal shot was fired from a shotgun at close range and that the telephone lines were cut was sufficient to permit a rational jury to find beyond a reasonable doubt that the murder was premeditated. That a shotgun was fired from such close range was strong evidence that Cooper intended to kill, and the cutting of the wires supported the inference that he acted with a plan.
 
 
 13
 AFFIRMED.
 
 
 
 [1]
 Because the district court denied Cooper's petitions without holding a hearing to resolve factual issues, Cooper's allegations must be assumed to be true for purposes of reviewing the merits of his claims. Under Virginia law an accused is entitled to a jury trial as a matter of right. If he wishes to waive a jury trial, his choice may be vetoed by the prosecutor. Va.R.Crim.P. 3A:19(b). In the instant case Cooper alleged that the prosecutor had denied him the opportunity to be sentenced by a judge. He did not allege that he had sought to waive his right to a jury trial. The district court decided the case on the implied premise that Cooper had sought to waive a jury trial and that the prosecutor had vetoed the waiver. We do so also
 
 
 [2]
 Under Virginia law, the jury sets the sentence for persons it has convicted of a criminal offense. See Va.Code § 19.2-295. We found both this rule and the practice of permitting the prosecutor to insist on a jury trial in criminal cases to be permissible under the Constitution in Vines v. Muncy, 553 F.2d 342 (4 Cir.), cert. denied, 434 U.S. 851, 98 S.Ct. 163, 54 L.Ed.2d 120 (1977)
 
 
 [3]
 On February 6, 1978, Cooper moved for a continuance of his second trial and expressly waived any claim of denial of a speedy trial for the period from that date until June 21, 1978, when the second trial began