36 F.3d 1094
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
James William TREECE, Petitioner-Appellant,
v.
Mason WATERS, Warden; Attorney General of the State of
Maryland, Respondents-Appellees.
 No. 94-6178.
 United States Court of Appeals, Fourth Circuit.
 Submitted Aug. 9, 1994.
Decided Oct. 3, 1994.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Edward S. Northrop, Senior District Judge. (CA-92-2242-N).
 James William Treece, appellant Pro Se.
 John Joseph Curran, Jr., Atty. Gen., Mary Ellen Barbera, Asst. Atty. Gen., Baltimore, MD, for appellees.
 D.Md.
 AFFIRMED IN PART AND DISMISSED IN PART.
 Before NIEMEYER and HAMILTON, Circuit Judges, and PHILLIPS, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Appellant seeks to appeal the district court's order dismissing his 28 U.S.C. Sec. 2254 (1988) petition. Appellant's case was referred to a magistrate judge pursuant to 28 U.S.C. Sec. 636(b)(1)(B) (1988). The magistrate judge recommended that relief be denied and advised Appellant that failure to file timely objections to this recommendation could waive appellate review of a district court order based upon the recommendation. Despite this warning, Appellant lodged only one specific objection to the factual findings of the magistrate judge's report. Specifically, Appellant objected to the magistrate judge's finding that his retrial was initiated less than six months after the Maryland Court of Appeals' remand. The ground for Appellant's objection was violation of his Sixth Amendment right to a speedy trial.
 
 
 2
 The timely filing of specific factual objections to a magistrate judge's findings and recommendation is necessary to preserve appellate review of the substance of that recommendation when the parties have been warned that failure to object will waive appellate review. Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir.1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir.), cert. denied, 467 U.S. 1208 (1984). Likewise, the failure to lodge specific objections, rather than general and conclusory objections, to the report and recommendation results in waiver on appeal. Howard v. Secretary of HHS, 932 F.2d 505, 507 (6th Cir.1991); Lockert v. Faulkner, 843 F.2d 1015, 1019 (7th Cir.1988). Here, by failing to file specific objections after receiving proper notice, Appellant waived appellate review of all issues except the alleged violation of his Sixth Amendment right to a speedy trial. Accordingly, we dismiss the appeal on all grounds other than the speedy trial violation that allegedly occurred between the time of remand and retrial.
 
 
 3
 As to the speedy trial issue, this Court's review of the district court's legal determination is subject to de novo review. See United States v. Rusher, 966 F.2d 868, 873 (4th Cir.), cert. denied, 61 U.S.L.W. 3285 (U.S.1992). In Barker v. Wingo, 407 U.S. 514, 530 (1972), the Supreme Court set forth four factors to be considered in determining whether a pre-trial delay violates a defendant's Sixth Amendment right to a speedy trial: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of his right to a speedy trial; and (4) the extent of prejudice to the defendant.
 
 
 4
 Appellant's Sixth Amendment speedy trial right matured when the Maryland Court of Appeals remanded his case for retrial. See 18 U.S.C. Sec. 3161(e) (1988). Appellant was retried 188 days after remand.* During this 188 days, Appellant obtained new defense counsel, who entered his appearance on January 4, 1989. A status conference was held on February 6, 1989, at which time Appellant withdrew his plea of "not criminally responsible." On February 14, 1989, the retrial was set for April 24, 1989. On April 11, 1989, the State made a motion for continuance based on calendar conflicts, and the inability of the rape victim's husband to attend trial. The court continued the case for eight days (from April 24, 1989, to May 2, 1989). On May 2, the court was unable to reach the case, the case was reset for May 18, 1989, and conducted on that date.
 
 
 5
 Appellant did assert his right to a speedy trial. However, Appellant's case could not have been scheduled for trial until after he had obtained an attorney, a process that took him almost two months. The total delay was less than the one year. Moreover, only eight of the total 188 days of delay were caused by the State, and sixteen due to the court's calendar. See Cooper v. Mitchell, 647 F.2d 437, 441 (4th Cir.) (defendant who obtains reversal of conviction through appeal or collateral attack may be retried in the normal course of events, notwithstanding delay incident to such legal proceedings) (citing United States v. Ewell, 383 U.S. 116, 121 (1966), cert. denied, 454 U.S. 849 (1981). Finally, although Appellant summarily alleges prejudice from the delay, none is apparent, and Appellant offers no support for his statement. On these facts, we find that Appellant has not established either an unreasonable delay by the prosecution, or a showing of prej udice to his defense. Accordingly, we find that no speedy trial violation occurred between the remand and retrial. See Barker v. Wingo, 407 U.S. 514, 530 (1972).
 
 
 6
 We therefore affirm the district court's decision dismissing Appellant's speedy trial claim as it relates to the period of time between remand and retrial, and dismiss the remaining claims. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 7
 AFFIRMED IN PART, DISMISSED IN PART.
 
 
 
 *
 The Court of Appeals' mandate of a new trial was received by the Circuit court for Prince George's County on November 11, 1988. The first retrial took place on May 18, 1989