36 F.3d 1094
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Roger Trenton DAVIS, Defendant-Appellant.
 No. 93-5356.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Jan. 20, 1994.
Decided: Oct. 3, 1994.
 
 Appeal from the United States District Court for the Western District of Virginia, at Roanoke. James C. Turk, District Judge. (CR-91-137-R)
 David J. Damico, Damico & Apgar, Roanoke, VA, for appellant. Morgan E. Scott, U.S. Atty., Joseph W.H. Mott, Asst. U.S. Atty., Roanoke, VA, for appellee.
 W.D.Va.
 AFFIRMED.
 Before WIDENER, Circuit Judge, and PHILLIPS and SPROUSE, Senior Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Roger Trenton Davis appeals his convictions of one count of distribution of cocaine, in violation of 21 U.S.C. Sec. 841(a)(1) (1988), and four counts of using a telephone to facilitate a drug transaction, in violation of 21 U.S.C. Sec. 843(b) (1988). Finding no merit to the three grounds raised in this appeal, we affirm.
 
 
 2
 * Davis, who testified at trial, acknowledged that he delivered a brick (slightly more than one kilogram) of cocaine to an undercover agent on August 9, 1991. However, Davis raised the affirmative defense of insanity. A psychologist for Davis testified extensively. He concluded that Davis was a paranoid schizophrenic who at the time of the crime did not know the difference between right and wrong. By contrast, a Government psychologist also testified at length. He concluded that when Davis committed the offense, he was not suffering from a mental disease or defect.
 
 
 3
 Under 18 U.S.C. Sec. 17(b) (1988), a federal defendant has the burden of proving insanity by clear and convincing evidence. In the subject case, the jury resolved the evidentiary conflict as to Davis' mental state against Davis. In light of the testimony that Davis was sane at the time of the offense, and given the rule that it is for the jury, not the courts, to resolve evidentiary conflicts, there is no reason to disturb the jury's finding.
 
 II
 
 4
 Davis asserts that his right to a speedy trial was violated. A criminal defendant must be tried within seventy days of the filing of the indictment or the defendant's initial appearance, whichever is later.
 
 
 5
 18 U.S.C. Sec. 3161(c)(1) (1988). However, the running of the speedy trial clock is tolled by the occurrence of a number of events, including the filing of a "pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion." 18 U.S.C. Sec. 3161(h)(1)(F) (1988).
 
 
 6
 In the subject case, the speedy trial clock began to run on September 3, 1991, when Davis made his initial appearance. On October 9, 1991, Davis filed a pretrial discovery motion, which stopped the clock. That motion was decided on October 30. This ordinarily would have restarted the clock. However, on October 29, Davis filed a second pretrial motion to determine competency to stand trial and sanity at the time of the offense. That motion was not decided until February 9, 1993, the first day of trial. Under the statute and the applicable case law, there was no speedy trial violation. See id.; Henderson v. United States, 476 U.S. 321, 330 (1986); United States v. Riley, 991 F.2d 120, 123-24 (4th Cir.), cert. denied, 62 U.S.L.W. 3319 (U.S.1993).
 
 III
 
 7
 Davis also claims that the Government violated his equal protection rights when it used a peremptory strike to exclude the only black male on the venire from the petit jury. The venire consisted of thirty-five persons, three of whom were black. The two black women served on the jury. Upon Davis' objection, the court conducted a hearing as to why the Government struck the black male, Ralph Hoston. The prosecutor stated that Hoston's apparent lack of ties to the community and marital status (single) were the reasons for striking Hoston. The district court determined that race played no role in the striking of Hoston.
 
 
 8
 Equal protection considerations prohibit a prosecutor from using peremptory strikes to exclude jurors on the basis of race. Batson v. Kentucky, 476 U.S. 79, 95-97 (1986). Under Batson, once the defendant demonstrates a prima facie case of racial discrimination, the burden shifts to the prosecution to advance a neutral explanation for the strike. The defendant then may impeach the prosecution's reasons as pretextual or inadequate. United States v. Joe, 928 F.2d 99, 102 (4th Cir.), cert. denied, 60 U.S.L.W. 3258 (U.S.1991). This Court accords the district court's findings as to the reasons for the peremptory strikes great deference and will reverse only for clear error. United States v. Bynum, 3 F.3d 769, 772 (4th Cir.1993).
 
 
 9
 In the subject case, assuming that Davis made out a prima facie case, the prosecutor came forward with race-neutral reasons for striking Hoston. No evidence was presented suggesting that the prosecutor's proffered reasons were pretextual or inadequate. We find no error in the district court's determination that race played no role in the prosecutor's actions, and we agree with the district court that there was no equal protection violation. See United States v. Valley, 928 F.2d 130, 135-36 (5th Cir.1991).
 
 IV
 
 10
 We affirm Davis' convictions. As our review of the record and other materials before us reveals that it would not significantly aid the decisional process, we dispense with oral argument.
 
 AFFIRMED