Juan L. STEWARD, Plaintiff,

v.

GWALTNEY OF SMITHFIELD, LTD., Defendant.

Civil Action No. 2:95cv1158.

United States District Court, E.D. Virginia, Norfolk Division.

March 21, 1996.

Opinion and Order Granting Summary Judgment May 23, 1996.

Order Denying Motion for Recusal June 20, 1996.

---

**OPINION AND ORDER**

MORGAN, District Judge.

Pending before the Court is Defendant Gwaltney of Smithfield's ("Gwaltney") Mo-

tion to Dismiss and/or Strike the Complaint and for the Imposition of Sanctions. Also pending is Plaintiff Juan L. Steward's ("Steward") Motion for Court–Appointed Counsel.

## I. FACTUAL AND PROCEDURAL HISTORY

On September 10, 1994 Steward filed the charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). In the charge Steward claimed that Gwaltney discriminated against him by failing to hire him when he applied for a refrigeration mechanic's position on June 13, 1994, August 18, 1994, and August 23, 1994 and hiring a less qualified white candidate. The EEOC issued a notice of right to sue on September 21, 1995. Steward filed this suit on December 3, 1995 pursuant to 42 U.S.C. § 2000e–3.

In the complaint Steward claims that Gwaltney refused to rehire him on June 13, 1994 because he had filed a lawsuit against Gwaltney and because he is black. Steward claims that he was told by a Gwaltney representative that Gwaltney would not rehire him because he had sued Gwaltney. Steward claims that Gwaltney hired a white man who had previously been fired by Gwaltney instead of hiring Steward. Steward claims that Gwaltney does not hire minorities to work as refrigeration mechanics. Steward claims that when he previously worked for Gwaltney he was denied promotions and then forced out of his job in 1991. Steward claims that he was fired so that Gwaltney could replace him with a white man. Steward claims that the Virginia Human Rights Agency and the EEOC hindered Steward's suit by not following their internal rules for handling cases, although Steward did not sue either of these agencies. Steward claims that his rights under the Civil Rights Act of 1964 were violated and he demands compensatory and punitive damages.

## II. MOTION FOR COURT–APPOINTED COUNSEL

■ Under 28 U.S.C. § 1915(d), "The court may request an attorney to represent any such person unable to employ counsel."

In *Whisenant v. Yuam,* 739 F.2d 160 (4th Cir.1984), the Fourth Circuit Court of Appeals held:

> The power to appoint is a discretionary one, but it is an abuse of discretion to decline to appoint counsel where the case of an indigent plaintiff presents exceptional circumstances.... If it is apparent to the district court that a pro se litigant has a colorable claim but lacks capacity to present it, the district court should appoint counsel to assist him. [N]o comprehensive definition of exceptional circumstances is practical. The existence of such circumstances will turn on the quality of two basic factors—the type and complexity of the case, and the abilities of the individuals bringing it.

*Id.* at 163 (citations omitted) (brackets in original). The Court **FINDS** that the present case is not complex and that Steward has extensive experience with the court system and Title VII cases. Also, even if the Court did *request* an attorney to represent Steward, the Court could not *require* the attorney to represent Steward. *Mallard v. United States District Court for the Southern District of Iowa,* 490 U.S. 296, 109 S.Ct. 1814, 104 L.Ed.2d 318 (1989). The Court DENIES Plaintiff's Motion for Court–Appointed Counsel.

## III. MOTION TO STRIKE

"[T]he court may order stricken from any pleading any ... redundant, immaterial, impertinent, or scandalous matter." Fed. R.Civ.P. 12(f). The Court FINDS that Steward's complaint is not redundant, immaterial, impertinent, or scandalous. The Court DENIES Gwaltney's Motion to Strike.

## IV. MOTION TO DISMISS

### A. Standard of Review

In deciding a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must accept the facts pleaded by the plaintiff as true. The claim should not be dismissed unless it appears to a certainty that the plaintiff can prove no facts in support of his claim which

would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957); *Bruce v. Riddle*, 631 F.2d 272, 273–74 (4th Cir.1980). The court must accept the factual allegations in the complaint and must construe them in the light most favorable to the plaintiff. *Martin Marietta Corp. v. International Telecommunications Satellite Org.*, 991 F.2d 94, 97 (4th Cir.1992). The court can only rely upon the allegations in the complaint and those documents attached as exhibits or incorporated by reference. *Simons v. Montgomery County Police Officers*, 762 F.2d 30, 31 (4th Cir. 1985), *cert. denied*, 474 U.S. 1054, 106 S.Ct. 789, 88 L.Ed.2d 767 (1986).

Under Rule 12(b)(7), when matters outside the pleadings are submitted with the motion to dismiss, "the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all materials made pertinent to such a motion by Rule 56." Fed.R.Civ.P. 12(b)(7); *see also Gay v. Wall*, 761 F.2d 175, 177 (4th Cir.1985). Summary Judgment under Federal Rule of Civil Procedure 56 is appropriate only when the court, viewing the record as a whole and in a light most favorable to the non-moving party, determines that there exists no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *See, e.g., Celotex Corp. v. Catrett*, 477 U.S. 317, 322–24, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–50, 106 S.Ct. 2505, 2510–11, 91 L.Ed.2d 202 (1986); *Terry's Floor Fashions, Inc. v. Burlington Indus., Inc.*, 763 F.2d 604, 610 (4th Cir.1985). "[T]he plain language of Rule 56(c) mandates ... entry of summary judgment ... against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322, 106 S.Ct. at 2552.

## B. *Analysis of the Motion to Dismiss*

**1. Alleged Race Discrimination and Retaliation Discrimination During Former Employment**

█ Steward's claims relating to alleged discrimination during his employment with Gwaltney in 1991 are barred by the res judicata doctrine.

[T]he essential elements of the [res judicata] doctrine are generally stated to be (1) a final judgment on the merits in an earlier suit, (2) an identity of the cause in action in both the earlier and later suit, and (3) an identity of parties or their privies in the two suits.

*Keith v. Aldridge*, 900 F.2d 736, 739 (4th Cir.1990), *cert. denied, Keith v. Rice*, 498 U.S. 900, 111 S.Ct. 257, 112 L.Ed.2d 215 (1990) (citing *Nash County Board of Education v. Biltmore Co.*, 640 F.2d 484, 486 (4th Cir.1981), *cert. denied*, 454 U.S. 878, 102 S.Ct. 359, 70 L.Ed.2d 188 (1981)).

Steward has sued Gwaltney twice for discrimination and retaliation during his employment with Gwaltney, and both of these cases resulted in a final judgment on the merits. In *Steward v. Gwaltney*, No. 2:91cv793 (E.D.Va.1992) (*"Steward I"*), Steward alleged that Gwaltney had discriminated against him on account of his race and in retaliation for filing an EEOC charge. The court granted partial summary judgment to Gwaltney on the ground that the statute of limitations had run on the race discrimination claim. *Id.* (filed June 3, 1992). The retaliation discrimination claim proceeded to trial and the court granted Defendant's Motion for Judgment on Partial Findings on the ground that Steward had not established a prima facie case of discrimination. *Id.* (filed June 11, 1992). This judgment was affirmed by the Fourth Circuit Court of Appeals. *Steward v. Gwaltney*, 993 F.2d 1539 (4th Cir.1993). The Supreme Court denied certiorari, *Steward v. Gwaltney*, 510 U.S. 891, 114 S.Ct. 249, 126 L.Ed.2d 202 (1993), and denied a petition for rehearing. *Steward v. Gwaltney*, 510 U.S. 960, 114 S.Ct. 421, 126 L.Ed.2d 367 (1993).

In *Steward v. Gwaltney*, No. 2:94cv193 (E.D.Va. filed April 20, 1994) (*"Steward II"*), Steward claimed that Gwaltney had discriminated against him on the basis of his race. The Court dismissed Steward's claims on the grounds that they were barred by both the

statute of limitations and the doctrine of res judicata. *Id.* This judgment was affirmed by the Fourth Circuit Court of Appeals. *Steward v. Gwaltney,* 36 F.3d 1094 (4th Cir. 1994), and the Supreme Court denied certiorari. *Steward v. Gwaltney,* —— U.S. ——, 115 S.Ct. 1153, 130 L.Ed.2d 1111 (1993).

The Court made a final judgment on the merits in both *Steward I* and *Steward II.* See *Shoup v. Bell & Howell Co.,* 872 F.2d 1178, 1180 (4th Cir.1989).

The next element of the res judicata doctrine is the identity of the claim. The Fourth Circuit Court of Appeals has adopted the transactional approach to establish the identity of a claim. *Keith,* 900 F.2d at 739. "[T]he appropriate inquiry is whether the new claim arises out of [the] same transaction or series of transactions as the claim resolved by the prior judgment." *Id.* Steward has not stated what particular instances of discrimination connected with his past employment are part of his present suit. This information is not necessary for the Court to deal with this issue. Steward's earlier suits asserted several broad claims of discrimination during his employment with Gwaltney based on both race and retaliation. Further, Steward has not been employed by Gwaltney since he filed the complaint in *Steward I.* The Fourth Circuit Court of Appeal's transactional approach to the res judicata doctrine encompasses any further claim based on race discrimination or retaliation discrimination during Steward's employment.

The final element needed to establish the applicability of the res judicata doctrine is the identity of the parties. The parties in *Steward I* and *Steward II* are identical to the parties in the present suit.

All of Stewards' claims arising from his employment with Gwaltney are barred by the res judicata doctrine. The Court GRANTS the Defendant's Motion for Summary Judgment as to all claims of race discrimination or retaliation discrimination during Steward's employment with Gwaltney.

## 2. Alleged Race Discrimination and Retaliation Discrimination in the Refusal to Rehire

■ Steward did not include his claim of retaliation discrimination based upon Gwalt-

ney's refusal to rehire him in the EEOC charge he filed on September 10, 1994. Steward only claimed race discrimination in this charge. The September 10, 1994 EEOC charge is the only charge filed by Steward which Steward pursued within the statutory period. For this reason, all of the other EEOC charges are barred by the statute of limitations. 42 U.S.C. § 2000e–5(f)(1); *Griffin v. Prince William Hospital Corp.,* 716 F.Supp. 919, 921 (E.D.Va.1989). In the September 10, 1994 charge Steward did not mention retaliation discrimination, and Steward did not check the box labeled retaliation in the "cause of discrimination" section. In *Nicol v. Imagematrix, Inc.,* 767 F.Supp. 744 (1991), the United States District Court for the Eastern District of Virginia stated:

> [A] claim omitted from the administrative complaint or charge may nonetheless be pursued in a Title VII suit if the omitted claim is reasonably related to the allegations and claims in the administrative charge or, if disclosed, the omitted claim could reasonably be expected to follow from the administrative investigation based on the deficient administrative charge.

*Id.* at 753. In *Nicol* the plaintiff complained of discrimination based upon sex and pregnancy and she detailed these claims in her EEOC charge. The Court barred the portion of the complaint in which plaintiff claimed that the defendant had sexually harassed the plaintiff. *Id.* at 752–53. The court reasoned that the EEOC charge claiming sex discrimination and pregnancy discrimination would not lead the EEOC to investigate the sexual harassment of the plaintiff. *Id.* For this reason the court granted partial summary judgment to the defendant on the sexual harassment claim. *Id.* at 754. The court opined, "Were the Court to accept plaintiff's argument in this respect, it would effectively nullify the requirement that the claims asserted in court be essentially those presented to the administrative body." *Id.* The present case is similar to *Nicol.* While Steward's retaliation discrimination claim is similar to his race discrimination claim in their animus, the fact

that Stewart listed race discrimination on the EEOC charge would not lead the EEOC to investigate retaliation discrimination by Gwaltney. For this reason, the Court **GRANTS** Defendant's Motion for Summary Judgment for failure to exhaust administrative remedies as to the retaliation claim based on Gwaltney's refusal to rehire Steward. *Id.* at 752–54.

■ Gwaltney asserts that since Steward was not a Gwaltney employee when the race discrimination and retaliation discrimination allegedly took place, Steward cannot sue under Title VII of the Civil Rights Act of 1964. Gwaltney relies on *Robinson v. Shell Oil,* 70 F.3d 325 (4th Cir.1995), *petition for cert. filed* (U.S. Feb. 27, 1996), for this contention. In *Robinson* the plaintiff accused the defendant of giving unfavorable reviews of his performance to other companies. *Id.* at 327. The Fourth Circuit Court of Appeals held that an ex-employee could not file a claim under Title VII for post-employment retaliation discrimination. *Id.* at 329–30. The holding in *Robinson* does not apply in the present case because a Title VII discrimination claim reaches not only employees but also applicants for employment. 42 U.S.C. § 2000e–3(a). While Steward cannot sue as an employee pursuant to the *Robinson* decision, Steward can sue an applicant for employment, and thus is able to bring this suit. The Court **DENIES** Defendant's Motion to Dismiss based upon the argument that Steward does not have standing to sue as an employee.

■ Gwaltney has submitted to the Court an affidavit of Lewis R. Little ("Little"), the president of Gwaltney. Gwaltney has also submitted to the Court a letter from Little to Steward dated September 13, 1994. In both of these documents Little states that Steward was not rehired by Gwaltney because of Steward's past insubordination and misconduct. In accordance with *Roseboro v. Garrison,* 528 F.2d 309 (4th Cir.1975), Steward is now given an opportunity to oppose this affidavit and exhibit. The Court invites Steward to file affidavits, statements, exhibits or other legal or factual material that support his position in the case. In addition to such material, Steward may file a legal memorandum supporting his view of the case. An affidavit is a sworn statement of facts made on personal knowledge, and affidavits may be submitted by Steward and any other witnesses. There are two alternative ways to submit an affidavit to the Court, one of which must be followed. One way is for the person making the affidavit to sign the affidavit and swear to its truth before a notary public. The other way, which does not require a notary public, is for the person making the affidavit to sign the affidavit and certify that he signs under penalty of perjury and understands that he may be prosecuted if the facts he sets forth are untrue. Steward must set out, either in his own affidavit or the affidavits of other witnesses, specific facts showing that Steward and Gwaltney truly disagree about one or more important facts present in this case. Steward, in his affidavits and exhibits, should address himself, as clearly as possible, to the issues and facts stated in the complaint and in the affidavits of Gwaltney. Steward is advised that if he does not submit any papers to the Court, the Court will decide the motion on the papers already filed by Steward and Gwaltney. Plaintiff is **DIRECTED** to file any response within twenty (20) days from the date of this Opinion and Order.

## V. MOTION FOR THE IMPOSITION OF SANCTIONS

Gwaltney does not ask for money sanctions or any other type of sanctions against Steward. Rather, Gwaltney requests that the Court fashion appropriate sanctions. The Court **DECLINES** to impose any sanctions against Steward at this time for filing a claim based upon race discrimination and retaliation discrimination during his employment with Gwaltney because it is not clear if Steward intended to raise these claims in this suit. The Court **DENIES** Defendant's Motion for the Imposition of Sanctions.

## VI. CONCLUSION

The Court **GRANTS** Defendants' Motion to Dismiss or, in the Alternative, Motion for Summary Judgment in part, and the Court **DENIES** Defendants' Motion to Dismiss or, in the Alternative, Motion for Summary

Judgment in part. Race discrimination based on Defendant's refusal to rehire Plaintiff is the sole remaining claim in this case. The Court **DENIES** Plaintiff's Motion for Court–Appointed Counsel. The Court **DENIES** Defendant's Motion to Strike, and the Court **DENIES** Defendant's Motion for the Imposition of Sanctions.

The Court **REQUESTS** the Clerk to send a copy of this Opinion and Order to Plaintiff and counsel for the Defendant.

It is so **ORDERED**.

### OPINION AND ORDER

Pending before the Court is Defendant Gwaltney of Smithfield's ("Gwaltney") Motion for Summary Judgment.

On September 10, 1994 Juan L. Steward ("Steward") filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). In the charge Steward claimed that Gwaltney discriminated against him by failing to hire him when he applied for a refrigeration mechanic's position on June 13, 1994, August 18, 1994 and August 23, 1994 and hiring a less qualified white candidate. The EEOC issued a notice of right to sue on September 21, 1995. Steward filed this suit on December 3, 1995.

In the complaint Steward claims that Gwaltney refused to rehire him because he had filed a lawsuit against Gwaltney and because he is black. Steward claims that he was told by a Gwaltney representative that Gwaltney would not rehire him because he had sued Gwaltney. Steward claims that Gwaltney hired a white man who had previously been fired by Gwaltney instead of hiring Steward. Steward claims that Gwaltney does not hire minorities to work as refrigeration mechanics. Steward claims that when he previously worked for Gwaltney he was denied promotions and then forced out of his job in 1991. Steward claims that he was fired so that Gwaltney could replace him with a white man. Steward claims that the Virginia Human Rights Agency and the EEOC hindered Steward's suit by not following their internal rules for handling cases, although Steward did not sue either of these agencies. Steward claims that his rights under the Civil Rights Act of 1964 were violated and he demands compensatory and punitive damages.

On March 22, 1996 the Court granted Defendants' Motion to Dismiss or, in the Alternative, Motion for Summary Judgment in part, and the Court denied Defendants' Motion to Dismiss or, in the Alternative, Motion for Summary Judgment in part. Race discrimination based on Defendant's refusal to rehire Plaintiff is the sole remaining claim in this case. The Court advised Steward that he could oppose this motion with affidavits, exhibits, or briefs in accordance with *Roseboro v. Garrison,* 528 F.2d 309 (4th Cir.1975).

### II. STANDARD OF REVIEW

Summary judgment under Federal Rule of Civil Procedure 56 is appropriate only when the court, viewing the record as a whole and in the light most favorable to the non-moving party, determines that there exists no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *See, e.g., Celotex Corp. v. Catrett,* 477 U.S. 317, 322–24, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248–50, 106 S.Ct. 2505, 2510–11, 91 L.Ed.2d 202 (1986); *Terry's Floor Fashions, Inc. v. Burlington Indus., Inc.,* 763 F.2d 604, 610 (4th Cir.1985). Once a party has properly filed evidence supporting the motion for summary judgment, the non-moving party may not rest upon mere allegations in the pleadings, but must instead set forth specific facts illustrating genuine issues for trial. *Celotex Corp.,* 477 U.S. at 322–24, 106 S.Ct. at 2552–53. Such facts must be presented in the form of exhibits and sworn affidavits. Also, exhibits, testimony and opinions of administrative hearings are pertinent to a summary judgment motion. *Simmons v. Marsh,* 690 F.Supp. 1489, 1491 n. 12 (E.D.Va.1988), *aff'd,* 852 F.2d 566 (1988), *cert. denied,* 488 U.S. 996, 109 S.Ct. 565, 102 L.Ed.2d 590 (1988). Failure by plaintiff to rebut defendants' motion with such evidence in his behalf will result in summary judgment when appropriate. "[T]he plain language of Rule 56(c) mandates the entry of summary judgment ... against a party who fails to make a

showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322, 106 S.Ct. at 2552.

### III. ANALYSIS

■ Steward's sole remaining claim against Gwaltney is that Steward was not rehired because of his race. The Civil Rights Act of 1964, as amended, states, "it shall be an unlawful employment practice for an employer to fail or refuse to hire . . . any individual . . . because of such individual's race [or] color." 42 U.S.C. § 2000e–2(a). Such a claim can be based on either disparate treatment or disparate impact. Steward's prima facie showing for a disparate treatment cause of action includes the following elements: that he is a member of a protected class, that he was qualified for the position, that he was not hired for the position, and that Gwaltney continued to accept applications from persons with similar qualifications. *St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 505–06, 113 S.Ct. 2742, 2746–47, 125 L.Ed.2d 407, 415 (1993) (citations omitted); *Taylor v. Hudson Pulp & Paper Corp.*, 788 F.2d 1455 (11th Cir.1986), *cert. denied*, 484 U.S. 953, 108 S.Ct. 345, 98 L.Ed.2d 371 (1987). To rebut this prima facie case Gwaltney must provide a legitimate, nondiscriminatory reason for not hiring Steward. *St. Mary's Honor Center*, 509 U.S. at 506–08, 113 S.Ct. at 2747–48, 125 L.Ed.2d at 416 (citations omitted). Steward always bears the ultimate burden of proving that Gwaltney intentionally discriminated against him. *Id.* (citations omitted).

■ Gwaltney has submitted an affidavit of Lewis R. Little ("Little"), president of Gwaltney, and a letter from Little to Steward which is referenced in the affidavit. Little states in his affidavit and letter that Steward was not rehired by Gwaltney because Steward had been previously discharged from Gwaltney for insubordination and misconduct. Steward has not responded to this affidavit with any type of evidence which the Court can consider. Steward has filed an "Answer to Judge [sic] Opinion and Order" in which he argues that Gwaltney discrimi-

nated against him by failing to hire Steward and hiring a less qualified white candidate instead. This is not an affidavit as Steward neither swore to the truth of the document before a notary public nor certified that he signed the document under penalty of perjury. Steward also submitted a letter from Fenton F. Thomas ("Thomas") to the Court dated April 2, 1996 in which Thomas states that he was employed as a sign painter for Gwaltney and then as a union representative for the Gwaltney employees. Thomas further states that Gwaltney has rehired employees which it had previously fired. This also is not an affidavit as Thomas neither swore to the truth of the document before a notary public nor certified that he signed the document under penalty of perjury.

■ The Court cannot consider either the brief filed by Steward or the Thomas letter as evidence because neither qualifies as an affidavit. *August v. Offices Unlimited, Inc.*, 981 F.2d 576, 580 (1st Cir.1992). Therefore, the only evidence before the Court is Little's affidavit. Since the allegations in Little's affidavit have not been challenged by Steward with admissible evidence, the claims in Little's affidavit are conclusively established. *Kirkland v. Cooper*, 438 F.Supp. 808, 811–12 (D.S.C.1977). In light of Little's uncontroverted affidavit, Steward can not set out a prima facie case of discrimination with respect to Gwaltney's refusal to hire Steward. Little claims that Steward was not qualified for the position because Steward previously had been fired for insubordination and misconduct. This also serves as a legitimate, nondiscriminatory reason for not hiring Steward. Steward has "fail[ed] to make a showing sufficient to establish the existence of an element essential to that party's case, and on which . . . Steward will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322, 106 S.Ct. at 2552.

■ Steward could also state a claim of discriminatory hiring practices based on disparate impact by alleging that "facially neutral standards in question select applicants for hire in a significantly discriminatory pattern." *Dothard v. Rawlinson*, 433 U.S. 321, 329, 97 S.Ct. 2720, 2726–27, 53 L.Ed.2d 786 (1977) (citations omitted). Once Steward

made such a showing, Gwaltney would have to show that the "requirement has … a manifest relationship to the employment in question." *Id.* If Gwaltney could make such a showing Steward would then have to show "that other selection devices without a discriminatory effect would also 'serve the employer's legitimate interest' in efficient and trustworthy workmanship." *Id.* (quoting *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 801, 93 S.Ct. 1817, 1823–24, 36 L.Ed.2d 668 (1973)).

Steward has merely restated his disparate treatment claim and stated a conclusion of law in his attempt to state a disparate impact claim. Steward has set forth no facts to support this claim other than the vague assertions that Gwaltney does not *promote* minorities, that a less qualified white man was hired instead of Steward, that Gwaltney did not hire minorities, that when Steward was employed by Gwaltney Steward was not *promoted* because he was black, and that Gwaltney violated its internal procedures in not hiring Steward. These claims do not support a cause of action for disparate impact because Steward does not identify any facially neutral standards which result in discriminatory hiring practices and Steward does not claim that anyone else has suffered disparate impact except for him. Steward has only stated a disparate treatment claim, not a disparate impact claim. While the Court must construe Steward's factual allegations liberally because he is a pro se party, *Haines v. Kerner,* 404 U.S. 519, 521, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972), the Court FINDS that Steward has not raised a cause of action for discriminatory hiring practices based on disparate impact of hiring criteria.

## IV.  CONCLUSION

The Court **GRANTS** Gwaltney's Motion for Summary Judgment on Stewards' claim that he was not rehired because of his race. This was the sole remaining cause of action.

The Court **REQUESTS** the Clerk to send a copy of this Opinion and Order to plaintiff and counsel for the defendant.

It is so **ORDERED.**

## ORDER

Juan L. Steward ("Steward") filed a motion requesting a new trial and the referral of this case to another judge.

The Court construes Steward's motion requesting a new trial as a motion to alter judgment pursuant to Federal Rule of Civil Procedure 59(e) and a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b). Steward asserts that the judgment rendered by the Court in this case is incorrect based upon arguments the Court addressed in rendering judgment. Steward further asserts that the Court informed him that he did not have to file an affidavit to overcome Defendant's Motion for Summary Judgment. This assertion is not correct. The Court **FINDS** that Steward has asserted no grounds for the Court to amend the judgment under Rule 59(e). Also, the Court **FINDS** that Steward has asserted no grounds for the Court to grant relief from the judgment under Rule 60(b). The Court **DENIES** Steward's motion under each rule.

The Court construes Steward's motion requesting that the case be referred to another judge as a motion for recusal. The Court **FINDS** that there are no grounds on which to base this motion. The Court **DENIES** Steward's motion for recusal.

Steward is **ADVISED** that he may appeal from this final order by forwarding a written notice of appeal to the Clerk of the United States District Court, U.S. Courthouse, 600 Granby Street, Norfolk, Virginia 23510. Said written notice must be received by the clerk within thirty (30) days from the date of this Opinion and Order.

The Court **REQUESTS** the Clerk to send a copy of this Opinion and Order to plaintiff and counsel for the defendant.

It is so **ORDERED.**