**Bernard ANDERSON, Plaintiff,**

v.

**Spencer ABRAHAM, Secretary, United States Department of Energy, Defendant.**

**No. A3–01–21.**

United States District Court, D. North Dakota, Southeastern Division.

June 25, 2002.

Deborah Joan Carpenter, Carpenter Offices, Bismarck, ND, for Plaintiff.

David L. Peterson, U.S. Attorney's Office, Bismarck, ND, for Defendant.

### MEMORANDUM AND ORDER

WEBB, Chief Judge.

## I. Introduction

Before the Court are motions for summary judgment in each of the above-captioned cases (doc. # 13 in A3–02–21; doc. # 18 in A3–01–101). Plaintiff resists both motions. The Court finds the motions are sufficiently related so as to justify a single disposition. As set forth below, the motions are GRANTED.

## II. Background

This is the most recent installment in the fractious but, perhaps surprisingly, still ongoing employment relationship between plaintiff and Western Area Power Administration, or WAPA. This relationship has now given rise to at least three lawsuits, all alleging employment discrimination in one form or another. Each lawsuit is based on an EEO complaint filed by plaintiff against WAPA. A brief review of each is required.

The first lawsuit, to which the Court will refer as Anderson I, A3–99–103, was filed June 30, 1999. It was based on an EEO complaint designated as number 97–148 WAPA, filed June 4, 1997. The EEO complaint charged physical and mental disabil-

ity discrimination as well as retaliation for having filed previous complaints. Some claims were resolved against plaintiff by way of a summary judgment order; the rest proceeded to a jury trial in February and March 2001. The jury found discrimination had occurred but awarded no damages; this Court entered a final judgment reflecting the jury verdict and the summary judgment order, as well as awarding backpay, on March 19, 2001.

The second case, referred to as Anderson II, A3–01–21, was filed January 29, 2001. The underlying EEO complaint was filed April 7, 1997; it is denominated as # 97–122 WAPA. It charges retaliation for other complaints he had filed. In turn, Anderson II charges retaliation and disability discrimination.

Finally, Anderson III, A3–01–101, was filed August 15, 2001. Several EEO complaints—designated # 's 96–153 WAPA, 97–83 WAPA, and 97–205 WAPA—are listed in the complaint. These complaints were filed at various times in 1996 and 1997. They charge, and the complaint seeks to recover for, retaliation, "workplace harassment," denial of due process, disability discrimination, and violations of his constitutionally guaranteed rights to freedom of speech and association as well as to equal protection.

The government has now moved for summary judgment in both cases, asserting res judicata as well as substantive defenses to the claims. As explained below, the Court concludes both suits are precluded by res judicata. The government's motions are therefore GRANTED.

III.   Analysis

■   The doctrine of res judicata prevents multiple lawsuits involving the same cause of action. *Lundquist v. Rice Memorial Hosp.*, 238 F.3d 975, 977 (8th Cir. 2001). In short, a final judgment on the merits of a claim operates to bar the same parties from relitigating issues that were or could have been raised in the earlier action. *Id.* Courts employ a three-part test when evaluating assertions of res judicata: "(1) whether the prior judgment was entered by a court of competent jurisdiction; (2) whether the prior decision was a final judgment on the merits; and (3) whether the same cause of action and the same parties or their privies were involved in both cases." *Id.* (citing *Murphy v. Jones*, 877 F.2d 682, 684 (8th Cir.1989)).

■   Here, there is no question the first two elements are met; this is a Court of competent jurisdiction, and the jury's verdict, combined with the summary judgment determinations, constitute a final judgment on the merits. As to the third issue, the parties are precisely the same in all three suits, thus precluding any arguments about virtual representation. *See DeLlano v. Berglund*, 183 F.3d 780, 781–82 (8th Cir.1999) (discussing virtual representation). The sole question, therefore, is whether the claims asserted in Anderson II & III are, for purposes of res judicata, the same as those asserted in Anderson I. The Court concludes they are.

■   Most fundamentally, res judicata bars not only relitigation of claims actually asserted, but also of claims that "could have been raised in that action." *Lundquist*, 238 F.3d at 977. Thus, the question is whether the claims made in these cases properly could and should have been raised in the first action. *Id.* The Court concludes that all the claims now presented could and should have been raised in the earlier action and thus holds that they are barred by res judicata.

Several considerations support this conclusion. First, the nature of Anderson's claim in the 1999 suit, and the evidence therein, suggests it would be inappropriate

to allow these claims to go forward. Specifically, the case proceeded to trial on the theory that WAPA retaliated against Anderson for making the prior complaints. Thus, there was detailed testimony on many of the incidents which formed the basis of the earlier complaints, such as an incident regarding cleaning batteries, his work-related injuries, etc. Further, his entire disciplinary history was in evidence; many of the incidents of discipline were related in some way to the complaints on which he now sues. Thus, the current claims involve many of the same facts which were in evidence at the first case, suggesting that the claims all arise from the same set of facts. This in turn suggests the conclusion that these claims "could have been raised in [the first] action," making res judicata applicable. *Lundquist*, 238 F.3d at 977.

Courts in analogous cases have reached the same result. For example, in *Havercombe v. Dept. of Ed. of Com. of P.R.*, 250 F.3d 1, 2–3 (1st Cir.2001), plaintiff sued his employer on various employment discrimination theories and won a jury verdict. He then filed another complaint, alleging for the first time a violation of 42 U.S.C. § 1981 but also reiterating earlier theories; this new complaint was predicated in part on an EEOC filing not part of the original suit. *Id.* Affirming dismissal on the basis of res judicata, the First Circuit emphasized the "unsurprising proposition" that "insofar as Havercombe II's complaint alleges incidents of discrimination dating from 1990 to 1997 (the very same dates covered by the amended complaint in Havercombe I), Havercombe II is plainly precluded by the first lawsuit." *Id.* at 3. While Havercombe went on to consider whether res judicata precluded claims of discrimination that occurred after plaintiff filed the first suit, the Court here need not do so. *Id.* at 4–8. Rather, because Anderson's current claims were all in exis-

tence before he filed the first suit, the Court can stop with Havercombe's "unsurprising proposition": Claims which exist but are not brought with a first suit are barred from later litigation by a final judgment. *Id.* at 3; *see also Gregory v. Widnall*, 153 F.3d 1071, 1074 (9th Cir.1998) (concluding that plaintiff could not look to incidents previously litigated under retaliation and discrimination theories to prove later claim of hostile work environment).

Various district court cases are also instructive. In *Steward v. Gwaltney of Smithfield*, 954 F.Supp. 1118, 1121 (E.D.Va.1996), plaintiff filed a third discrimination lawsuit against his employer. The first suit alleged race discrimination and retaliation; it resulted in a final judgment on the merits. *Id.* His second suit, for race discrimination, was dismissed for res judicata. *Id.* at 1121–1122. The third suit was similarly dismissed, the court concluding that, because plaintiff had not been employed by defendant since the earlier claims, all claims arising from his employment were barred by the earlier suit. *Id.* at 1122. While plaintiff's employment here has continued, he has not alleged any discrimination after the date of the last complaint, effectively making the case analogous to Steward and requiring a similar result. *Id.; see also Yaba v. Roosevelt*, 961 F.Supp. 611, 623 (S.D.N.Y.1997) ("A claim of retaliation, based on an incident occurring before the filing of a first action alleging discrimination, can be precluded if not included in that first action. Such claims are precluded because they should have been brought in the first action").

Second, the timing of the events here supports application of res judicata. It is indisputable that the claims at issue existed and were ripe at the time the 1999 lawsuit was filed. Specifically, Anderson filed his last EEO complaint on June 4, 1997, and it is that claim that led to the

1999 lawsuit. The other claims were filed earlier in 1996 and 1997, and the instant lawsuits based on them were not filed until 2001. It is thus clear that, at the time he filed the 1999 lawsuit, the complaints he now seeks to litigate were known to him and "could have been raised in that action." *Lundquist*, 238 F.3d at 977. This fact clearly supports application of res judicata. *Id.; see also Yaba*, 961 F.Supp. at 623 (holding that retaliation claims existing but not brought in an earlier lawsuit are precluded by res judicata).

Finally, this conclusion is reinforced by the fact that the administrative process had already concluded with regard to these older complaints at the time Anderson filed the 1999 suit. Indeed, Anderson had already received right-to-sue letters on the instant complaints at the time he commenced the 1999 suit. Courts have consistently held that res judicata bars plaintiffs from asserting claims which existed at the time of a prior suit, even if plaintiff had not yet received a right-to-sue letter on the current claim at the time of the prior suit. *See, e.g., Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 714–15 (9th Cir.2001) (citing cases). In so doing, courts require such plaintiffs either to seek a stay of the action until they receive right-to-sue letters or to seek amendment of their complaints to include the related complaints; failure to do so results in res judicata. *Id.* If res judicata applies to bar claims which were not ripe at the time of the earlier suit, it would be both incongruous and inconsistent to allow claims which were ripe at the time of the earlier action, such as Anderson's, to survive. *Id.*

In short, the Court concludes that this is perhaps a paradigmatic case for the application of res judicata. Plaintiff filed a lawsuit in 1999 based on events in 1997. At that time, he knew he had related claims against the same defendant relating to events which occurred even earlier. These claims were ripe and ready for adjudication. He declined to bring them, and a jury heard the entire case and rendered a verdict. His effort at this point to litigate these claims is barred by res judicata.

IV. Conclusion

Defendant's motion for summary judgment in each of the above-captioned cases are GRANTED (doc. # 13 in A3–02–21; doc. # 18 in A3–01–101). Therefore, the cases are ORDERED DISMISSED.

IT IS SO ORDERED.