# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-1631

_____

Rachel Lundquist,                               *
                                                *
     Plaintiff-Appellant,              *
                                                *
v.                                              *   Appeal from the United States
                                                *   District Court for the
Rice Memorial Hospital,                         *   District of Minnesota.
                                                *   **[PUBLISHED]**
     Defendant-Appellee.               *

_____

Submitted: November 15, 2000

Filed: February 8, 2001

_____

Before LOKEN, LAY, MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

PER CURIAM.

### I.

Rachel Lundquist (Lundquist), a registered nurse, was employed by Rice Memorial Hospital (Hospital) in Willmar, Minnesota as a staff nurse. In January 1995, Lundquist began to suffer from degenerative changes in her neck. In addition, she suffered neck and right upper arm pain while working and was given lifting and bending restrictions by her treating physician. The Hospital placed her on a medical

leave of absence, and thereafter terminated her on February 27, 1996, because she was unable to perform her job.

Upon filing a grievance with the Equal Employment Opportunity Committee (EEOC), an arbitrator found in December 1996 that she should be allowed to return to work provided she was willing to perform the physical requirements of her job. Lundquist was unable to perform any lifting, thereby violating the requirements of her return to work. The Hospital then placed Lundquist on administrative leave while the Hospital performed a functional capacities evaluation regarding her ability to fulfill the physical requirements of a staff nurse position.

In January 1997, Lundquist filed suit under the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. §§ 12101-12213, and the Minnesota Human Rights Act, Minn. Stat. chs. 176, 363, alleging several acts of discrimination. During the course of these proceedings, the district court issued a Scheduling Order stating, among other things, that all motions which seek to amend the pleadings or add parties must be served by September 1, 1997.

In October 1997, the Hospital received the results of Lundquist's functional capacities evaluation and concluded that Lundquist could not meet the minimum requirements of the staff nurse position. The Hospital subsequently terminated Lundquist on December 31, 1997.

In April 1998, Lundquist brought a Motion to Amend her January 1997 Complaint. Specifically, Lundquist asked the court to amend the Scheduling Order to allow her to add claims arising out of her termination by the Hospital on December 31, 1997. The matter was heard before a magistrate, who denied the motion on May 5, 1998. Lundquist did not appeal the magistrate's decision to the district court. After Lundquist's motion was denied, the merits of her January 1997 lawsuit were heard and dismissed on summary judgment.

In February 1999, Lundquist filed a second Complaint, alleging wrongful termination from her employment on December 31, 1997 and other discrimination based upon her status as a disabled person under the ADA. The Hospital brought a Motion to Dismiss Lundquist's second lawsuit based on claim preclusion. The district court granted the Hospital's motion, reasoning that Lundquist's claim of wrongful termination could have been included in her first lawsuit, but since she untimely moved to amend, her February 1999 lawsuit was barred under the doctrine of res judicata. Lundquist appeals the court's dismissal of her February 1999 Complaint.

## II.

The issue before this court is whether the doctrine of res judicata bars Lundquist's February 1999 Complaint alleging wrongful termination. On dismissal of a case under res judicata, the standard of review is de novo. See N.A.A.C.P., Minneapolis Branch v. Metropolitan Council, 125 F.3d 1171, 1174 (8th Cir. 1997).

The doctrine of res judicata applies to repetitive suits involving the same cause of action. See C.I.R. v. Sunnen, 333 U.S. 591, 597 (1948). Final judgment on the merits of an action precludes the same parties from relitigating issues that were or could have been raised in that action. See Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 398-99 (1981).

A court must consider three elements to determine whether res judicata will bar a party from asserting a claim: 1) whether the prior judgment was entered by a court of competent jurisdiction; 2) whether the prior decision was a final judgment on the merits; and 3) whether the same cause of action and the same parties or their privies were involved in both cases. See Murphy v. Jones, 877 F.2d 682, 684 (8th Cir. 1989). If the three elements are met, the parties are thereafter bound "not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as

to any other admissible matter which might have been offered for that purpose." <u>C.I.R. v. Sunnen</u>, 333 U.S. at 597 (citation omitted).

Claim preclusion, however, does not apply to claims that did not exist when the first suit was filed. As this court recently explained in <u>Baker Group, L.C. v. Burlington Northern & Santa Fe Ry. Co.</u>, 228 F.3d 883 (8th Cir. 2000), "[i]t is well settled that claim preclusion does not apply to claims that did not arise until <u>after</u> the first suit was filed." <u>Id.</u> at 886. Further, "[R]ule 15(d) of the Federal Rules of Civil Procedure . . . provide[s] that the trial court <u>may permit</u> a plaintiff to supplement its complaint with a cause of action arising after the original complaint. The rule is permissive for the parties and discretionary for the court."[1] <u>Id.</u> at 886.

Lundquist argues that the merits of her wrongful termination claim were never addressed in the first lawsuit. Lundquist's position is that since her termination from Rice Memorial Hospital took place on December 31, 1997, her present cause of action involves an action separate from the discrimination claims involved in her first lawsuit. The first lawsuit only included events that occurred prior to January 1997. The second lawsuit, however, includes specific discriminatory events that occurred after January 1997, including Lundquist's termination in December 1997. Lundquist argues that the fact that she attempted to amend her wrongful termination claim in her first Complaint should not preclude her from having the merits of her wrongful termination claim addressed.

---

[1]The Hospital asserts that <u>Baker Group, L.C.</u> is distinguishable because, unlike the present case, the plaintiff did not move to amend its pleading before filing its second Complaint. We feel this is a distinction without a difference. Perhaps we misunderstand the Hospital's argument; it seems to claim res judicata should apply as to the second lawsuit because Lundquist failed to appeal to the district court the magistrate's denial of leave to amend. This ruling was not on the merits and as such it cannot stand as a legal bar to the plaintiff who seeks to assert a new cause of action (termination) which occurred subsequent to the filing of the original Complaint.

The Hospital argues, however, that Lundquist failed to amend the Complaint in a timely manner and, in addition, did not appeal the magistrate's ruling denying her leave to amend. Therefore, the Hospital believes that Lundquist is barred from bringing her wrongful termination claim in the second lawsuit.[2]

The magistrate's reason for denying Lundquist leave to amend apparently is based on the Scheduling Order entered in the original litigation. First, the magistrate felt the Scheduling Order cut off the time to amend the first Complaint as of September 1, 1997; second, the proposed amendment would have required extending the discovery order beyond May 1998.

The district court seems to have relied on the fact that Lundquist could have brought her wrongful termination claim in her first lawsuit, and thus ruled that Lundquist could not circumvent her untimely Motion to Amend the first Complaint by filing a new lawsuit. Perhaps we misunderstand; it seems clear that the alleged wrongful termination could not have been brought until it occurred on December 31, 1997. It is difficult to understand how this claim could have been brought in her first lawsuit, other than by amending it subsequent to December 31, 1997.

_____

[2]As we understand the Hospital's brief, there may be discriminatory acts in the second Complaint which were ruled upon when the district court granted the Hospital summary judgment. The events that occurred prior to January 1997 may be mentioned in Lundquist's case solely for purposes of historical foundation. The district court should, however, instruct the jury that any conduct prior to January 1997 cannot, as a matter of law, constitute proof of discrimination. We are confident that the district court will address such evidence, in its instructions, that only the conduct of the defendant subsequent to January 1997 may be considered as relevant to Lundquist's claim of discrimination relevant to her termination from the Hospital on December 31, 1997.

The core issue here focuses on whether the denial of Lundquist's Motion to Amend was a final judgment on the merits. As we see it, the merits of Lundquist's wrongful termination claim were never addressed by the district court; thus Lundquist's second lawsuit should not be barred by res judicata.

Lundquist did not have a claim for wrongful termination at the time she filed her first Complaint. She is only required to join all acts which she could have brought against the Hospital in the same lawsuit, if it is possible for her to do so in that lawsuit. The fact that the magistrate found Lundquist's Motion to Amend untimely does not bar Lundquist from having her wrongful termination claim fully litigated before the court. As this court explained in Baker Group, L.C., claim preclusion cannot apply to a claim that arises after the first suit is filed, as is the case here. Accordingly, we reverse and remand to the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.