# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-1259

_____

| | | |
|---|---|---|
| Duane Friez, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the District |
| | * | of North Dakota. |
| First American Bank & Trust of | * | |
| Minot, kna Bremer Bank; William | * | [PUBLISHED] |
| Kolb; Duaine Espegard, | * | |
| | * | |
| Appellees. | * | |

_____

Submitted:  February 11, 2003

Filed:  April 2, 2003

_____

Before BOWMAN, FAGG, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

PER CURIAM.

In September 1999, Duane Friez sued his ERISA plan sponsors, First American Bank & Trust of Minot (Bremer Bank) and Bremer Financial Services, Inc. (Bremer Financial), in an attempt to receive ERISA benefits. The district court dismissed Friez's ERISA claim in June 2000, concluding oral statements made by William Kolb (Bremer Bank Personnel Officer) and Duaine Espegard (Bremer Bank President) did not amend the ERISA plan and thus extend benefits to Friez. Approximately four months later, Friez brought a separate tort-based lawsuit against Bremer Bank, Kolb,

and Espegard in an attempt to receive the value of the ERISA benefits he had been denied. The district court[*] dismissed Friez's tort claims based on res judicata (claim preclusion), and Friez appeals. We review the district court's dismissal de novo. Lundquist v. Rice Mem. Hosp., 238 F.3d 975, 976 (8th Cir. 2001) (per curiam) (standard of review).

Res judicata prevents the splitting of a single cause of action and the use of several theories of recovery as the basis for separate lawsuits. Hartsel Springs Ranch v. Bluegreen Corp., 296 F.3d 982, 986 (10th Cir. 2002). In North Dakota, res judicata, also known as claim preclusion, prevents the relitigation of claims or issues that were raised or could have been raised in an earlier action between the same parties or their privies. Ohio Cas. Ins. Co. v. Clark, 583 N.W.2d 377, 383 (N.D. 1998); see also Lundquist, 238 F.3d at 977.

Friez first argues his tort claims are not barred because they raise a different cause of action than his earlier ERISA claims. Even though Friez advances different legal theories in the two cases, his cause of action is the same: Friez relies on a common nucleus of operative fact (promises allegedly made by Kolb and Espegard about ERISA benefits in their capacity as Bremer Bank's officers and managers) and seeks effectively the same relief (ERISA benefits) in both cases. Costner v. URS Consultants, Inc., 153 F.3d 667, 674 (8th Cir. 1998). As we have stated, "[a] party may not litigate a claim and then, upon an unsuccessful disposition, revive the same cause of action with a new theory." Roach v. Teamsters Local Union No. 688, 595 F.2d 446, 450 (8th Cir 1979).

Friez also argues Kolb and Espegard are not in privity with Bremer Bank and Bremer Financial, the defendants in his first lawsuit. Again, we disagree. Both

---

[*]The Honorable Patrick A. Comny, United States District Judge for the District of North Dakota.

lawsuits revolve around Kolb and Espegard's statements to Friez as officers and managers of Bremer Bank. Although officers are generally treated as separate from a corporation for purposes of preclusion, they may be in privity with a corporation if they are named as defendants in their capacity as officers. United States v. Gurley, 43 F.3d 1188, 1197 (8th Cir. 1994). Because Kolb and Espegard are sued as officers of Bremer Bank in Friez's second lawsuit, they are in privity with Bremer Bank, a defendant in Friez's first action. Id.

Finally, because we have decided this case based on res judicata, it is not necessary for us to consider whether Friez's tort claims are also preempted under ERISA. Thus, for the reasons stated above, we affirm the judgment of the district court.

MORRIS SHEPPARD ARNOLD, Circuit Judge, dissenting.

I respectfully dissent from the conclusion that Mr. Friez's claims against Messrs. Kolb and Espegard are barred by res judicata.

The burden is on the defendants to establish that principles of res judicata bar the action against them. *See Howard v. Green*, 555 F.2d 178, 181 (8th Cir. 1977); Fed. R. Civ. P. 8(c). Here the res judicata effect of the first judgment, which was entered in federal court and based on federal law, is governed by federal law. *See Canady v. Allstate Ins. Co.*, 282 F.3d 1005, 1014 (8th Cir. 2002). In federal court, a plaintiff is not required to sue all defendants in one action, *see Headley v. Bacon*, 828 F.2d 1272, 1275 (8th Cir. 1987); and generally, a claim is precluded under res judicata principles if the first suit resulted in a final judgment on the merits and was based on proper jurisdiction, and both suits involve the same parties or those in privity with them and are based upon "the same nucleus of operative fact," *see Kolb v. Scherer Bros. Financial Services Co.,* 6 F.3d 542, 544 (8th Cir. 1993).

In addressing the matter of res judicata, the district court first concluded that the present action arose out of the same nucleus of operative facts as the first one, and that the second action against the bank was therefore barred. I have no difficulty with this conclusion. *See Baker by Thomas v. General Motors Corp.*, 522 U.S. 222, 237-38 (1998).

The district court further ruled that although Mr. Kolb and Mr. Espegard were not sued in the previous action, the action against them was nevertheless barred because they were in privity with the bank. The district court cited *United States v. Gurley*, 43 F.3d 1188, 1195 (8th Cir. 1995), *cert. denied*, 516 U.S. 817 (1995), for the familiar proposition that "directors, officers, and shareholders may be in privity with a corporation and thereby assert a res judicata defense if they are named as defendants solely in their capacity as directors, officers and shareholders" (internal quotations omitted). The court found that res judicata applied because Mr. Kolb is the bank's personnel officer and Mr. Espegard is the bank's president, and Mr. Friez's "claims against them are brought against them in their capacity as directors and officers."

The court in this case correctly observes that both lawsuits "revolve around Kolb and Espegard's statements to Friez as officers and managers of Bremer Bank," and then agrees with the district court that Mr. Kolb and Mr. Espegard "are sued as officers" and are therefore in privity with the bank. But the relevant papers in this case do not indicate that Mr. Kolb and Mr. Espegard were in fact sued as officers of the bank. For one thing, the caption to the complaint says nothing about the capacity in which the defendants were sued. The complaint itself does recite the fact that Mr. Kolb was the personnel manager of the bank and that Mr. Espegard was its president, and it refers to them as the bank's "officers and managers," but there is nothing in it to indicate that the action was brought against them solely as officers or managers. I therefore believe that the district court erred in concluding that Mr. Kolb and Mr. Espegard were sued solely "in their capacity as directors and officers."

*Moore's Federal Practice* §131.40[3][a] (3d ed. 2001) observes that "in the context of the preclusion doctrines, the concept of privity is an amorphous concept that is difficult to define. It does not serve well as a touchstone for determining whether a particular relationship with a party to litigation will result in preclusion. Rather, it describes those relationships that the courts have *already* determined will qualify for preclusion." The Supreme Court has said that the "orthodox categories of privies" include " 'those who control an action although not parties to it ...; those whose interests are represented by a party to the action ...; successors in interest,' " *Lawlor v. National Screen Service Corp.* 349 U.S. 322, 329 & n. 19 (1955) (quoting Restatement of Judgments § 83 cmt. a), but noted more recently that the "term 'privity' is now used to describe various relationships between litigants that would not have come within the traditional definition of that term," *Richards v. Jefferson County, Ala.*, 517 U.S. 793, 798 (1996) (citing generally to Restatement (Second) of Judgments, ch. 4 (1980)). But however broadly one might define the concept, I have discovered no case that would allow for a conclusion that privity exists in the circumstances present here.

It is true that the mere relationship of employer and employee sometimes gives rise to a preclusive effect being given to a prior judgment in favor of one or the other. *See* Restatement (Second) of Judgments § 51; *see also* 18A Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 4463, at 689-691 (2002). But this principle is not available here because the prior judgment was in an ERISA case where the matter of vicarious liability in tort was entirely irrelevant.

For the foregoing reasons, I respectfully dissent.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.