STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-03-656
REC-CUM-11/22/2004

MATTHEW KENNEY,
        Plaintiff

v.

ORDER ON DEFENDANTS'
MOTION TO DISMISS

MANNY HOWARD, BRIAN KEMPNER
THE NEW YORK OBSERVER, L.P. and
NEW YORK OBSERVER, INC.

DONALD L. GARBRECHT
LAW LIBRARY

        Defendants.

NOV 1 2004

## FACTUAL BACKGROUND

Plaintiff is a prominent chef who has owned numerous restaurants in New York and Maine. This case stems from a newspaper article ("the article") written by Defendant Manny Howard and published in the *New York Observer* newspaper ("the Observer") on February 18, 2002. The article focused on the plaintiff's business enterprises in New York and, more specifically, discussed his alleged financial woes as evidenced by various tax liens Mr. Howard claimed had been assessed against the plaintiff's businesses for nonpayment of payroll and sales taxes. In addition, the article suggested that the plaintiff's debt was the result of expensive living and a lack of entrepreneurial know-how. Plaintiff claims that the details of the article were inaccurate, exaggerated and suggested that he was in greater financial distress than he was.

In addition to the hard copy circulation of the newspaper, the Observer maintains a website on which it publishes its newspaper. The article appeared on the Observer's website in the February 18, 2002 edition of the newspaper. Additionally, while the Observer is primarily a New York-based publication, it is read by an international audience as a result of subscriptions and the Internet. There are approximately 100 holders of subscriptions to the Observer in Maine. In his complaint,

Plaintiff alleges that three Maine newspapers, the *Portland Press Herald/Maine Sunday Telegram*, the *Portland Phoenix* and the *Casco Bay Weekly* ("the Maine newspapers"), published excerpts of the article because of plaintiff's two businesses in Maine – the Market Restaurant, LLC and the Searsport Tavern, LLC. Market Restaurant, LLC operated as the Market Restaurant in Portland, Maine from November 2000 until April 2002 when it closed. Searsport Tavern, LLC was to operate as Nickerson Tavern in Searsport, Maine but that restaurant never opened.

On February 21, 2003, more than one year after the article was published, the plaintiff filed a complaint in the New York Supreme Court against Manny Howard and the Observer, claiming defamation and tortious interference with economic advantage ("the New York action"). On September 10, 2003, that court granted the defendants' motion to dismiss, finding that (1) New York's one-year statute of limitation for defamation claims had run; and (2) his tortious interference with economic advantage claims were "not viable because they are not based upon the interference with any contract or business relationship distinct from the general declaration of injury to reputation included in the defamation claim." *Kenney v. Howard et al.*, Index No. 103018/03 (N.Y. Gen. Term 2003). That court also denied the plaintiff's cross motion seeking to compel the court to apply Maine's two-year statute of limitations, finding that "plaintiff's claims are subject to New York's statute of limitations because they stem from acts performed solely," in New York. *Id.*

On November 26, 2003 the plaintiff filed his complaint in the instant action with this court ("the Maine action"). Plaintiff claims that this court has jurisdiction because, as a dual resident of Maine and New York, he is a resident of Maine and has suffered harm here as a result of the article having been "picked up," and published in Maine newspapers. He also claims that he suffered harm in Maine when defendant Observer distributed the article to Maine subscription-holders. As in the New York action, his

complaint in the Maine action names as defendants Manny Howard and the Observer. In addition, he has also named Brian Kempner, President and general counsel for the Observer, individually. Plaintiff's original complaint in this court alleges defamation and tortious interference. With regard to the defendant Brian Kempner, plaintiff alleges that Mr. Kempner is liable for defamation because he "approved" the article prior to publication. The plaintiff has also filed a motion seeking to amend the original complaint in order to add claims for (1) intentional Infliction of Emotional Distress ("IIED"); (2) Negligent Infliction of Emotional Distress ("NIED"); (3) Slander (against Defendant Howard only); and (4) False Light. Plaintiff's motion to amend also seeks to add as co-plaintiffs the two restaurants he owns in Maine: Searsport Tavern, LLC and Market Restaurant, LLC.

The defendants have moved to dismiss the complaint arguing that: (1) under Maine's Borrowing Statute, 14 M.R.S.A. § 866, the plaintiff may not relitigate claims in Maine that have already been barred by the running of New York's statute of limitations; (2) plaintiff is barred under the doctrine of *res judicata*, because a final judgment was entered in the New York action brought by the plaintiff on the same theories and against the same defendants, or their privies; (3) the defendants lack the requisite minimum contacts with Maine sufficient to confer personal jurisdiction upon this court; and (4) with respect to Defendant Kempner, plaintiff's contention that an attorney may be held liable for pre-publication "approval" of an allegedly defamatory argument fails to state a claim for which relief can be granted and should be dismissed pursuant to M.R. Civ. P. 12(b)(6).

## DISCUSSION

### 1.    Plaintiff's Motion to Amend the Complaint

By moving to amend his complaint, plaintiff seeks to add the Maine restaurants as plaintiffs and add several new bases for recovery against the defendants. Defendants

have opposed the motion, arguing that the proposed amendment would fail to state any claims for which relief could be granted and that it would therefore be futile.

Under Maine law, a motion to amend may be denied where the amended complaint would be futile. *Glynn v. City of S. Portland*, 640 A.2d 1065, 1067 (Me. 1994). "'Futility'" means that the complaint, as amended, would fail to state a claim upon which relief could be granted." *Glassman v. Computervision Corp.*, 90 F.3d 617, 623 (1st Cir. 1996). In reviewing for "futility," a trial court "applies the same standard of legal sufficiency as applies to a Rule 12(b)(6) motion." *Id.* Under M.R. Civ. P. 12(b)(6), "[a] dismissal should only occur when it appears 'beyond doubt that a plaintiff is entitled to no relief under any set of facts that he might prove in support of his claim.'" *McAfee v. Cole*, 637 A.2d 463, 465 (Me. 1994) (*quoting Hall v. Bd. of Envtl. Prot.*, 498 A.2d 260, 266 (Me. 1985)).

### a.    Adding the Maine Restaurants as Plaintiffs

With regard to the plaintiff's motion to add the Maine restaurants as parties, the defendants have argued that the defamation claim they would be asserting must fail as a matter of law. The court agrees. In Maine, defamation consists of:

> (a) a false and defamatory statement concerning another; (b) an unprivileged publication to a third party; (c) fault amounting at least to negligence on the part of the publisher; and (d) either actionability of the statement irrespective of special harm or the existence of special harm caused by the publication.

*Rice v. Alley*, 2002 ME 43, ¶ 19, 791 A.2d 932, 936 (*quoting Lester v. Powers*, 596 A.2d 65, 69 (Me. 1991)). In order to survive a motion to dismiss, a complaint for defamation must allege all four of these elements. *Baxter v. Myra*, 2004 Me. Super. LEXIS 21 at **5-6 (citing *Vahlsing v. Christina Corp. v. Stanley*, 487 A.2d 264, 267 (Me. 1985)). Neither the original complaint nor the proposed amended complaint allege that the article was of and "concerning" the Maine restaurants. Rather, every allegation regarding the

4

allegedly defamatory statements avers that the article was "of and concerning" plaintiff Kenney, individually. Because, therefore, the proposed amended complaint fails to properly and adequately allege all four elements necessary to sustain a claim for defamation, the proposed amendment would not state a claim under 12(b)(6) standards and plaintiff's motion to add the Maine restaurants as parties is futile and must be denied as to the defamation claim.

With respect to the tortious interference claim, plaintiff has failed to allege the necessary elements for that cause of action. In Maine, in order to maintain a claim for tortious interference with a prospective economic advantage, a plaintiff must prove: "(1) that a valid contract or prospective economic advantage existed; (2) that the defendant interfered with that contract or advantage through fraud or intimidation; and (3) that such interference proximately caused damages." *Rutland v. Mullen*, 2002 ME 98, ¶ 13, 798 A.2d 1104, 1110. Neither the original complaint nor the proposed amended complaint alleges the existence of any contract to which the Maine restaurants are a party, much less interference with a contract by any of the defendants. There is also no allegation of intimidation or fraud. As to that claim, therefore, he has failed to state a claim for which relief can be granted and his motion to add the restaurants as plaintiffs in that claim must be denied.

With respect to plaintiff's motion to add the Maine restaurants in his claim for "false light" invasion of privacy, IIED and NIED, as organizational entities, the restaurants are precluded from stating a claim for which relief can be granted. *See e.g.,* *Dynamic Image Technologies, Inc. v. United States*, 221 F.3d 34, 37 n.2 (1st Cir. 2000) ("Because corporations, unlike natural persons, have no emotions, they cannot press claims for intentional infliction of emotional distress.") *See also* RESTATEMENT (SECOND) OF TORTS § 652E cmt. c (1977); and *Southern Air Transport, Inc. v. ABC, Inc.* 670 F. Supp. 38, 42 (D.D.C. 1987) (stating that, under the Restatement, a corporation cannot bring a

claim for false light invasion of privacy). Plaintiff's motion to amend the complaint in order to add the Maine Restaurants in its IIED, NIED and false light claims, therefore, must also be denied.

> b. *Adding IIED, NIED, Slander, and False Light Claims to Plaintiff Matthew Kenney's Complaint.*

With respect to plaintiff Kenny's proposed claims for IIED, NIED and "false light" invasion of privacy, the court finds that because these claims are not premised on a different set of facts from those alleged in the New York complaint plaintiff is barred from bringing them in this court pursuant to the doctrine of *res judicata*. Under that doctrine a cause of action is barred when "1) the same parties, or their privies, are involved; 2) a valid final judgment was entered in the prior action; and 3) the matters presented for decision were, or might have been, litigated in the prior action." *Beegan v. Schmidt*, 541 A.2d 642, 644 (Me. 1982) (quoting *Kradoska v. Kipp*, 397 A.2d 562, 565 (Me. 1979)). All three criteria for application of *res judicata* are met in this case. "First, the same two parties are involved in this case as in the earlier action. Second, a dismissal for failure to come within an applicable statute of limitations is a 'valid final judgment' for res judicata purposes. Third, the issues presented for decision in the instant case could have been presented and decided in the prior action." *Id.* Accordingly, the court finds that plaintiff's proposed IIED, NIED and false light claims are barred by *res judicata* and any amendment to add those claims would therefore be futile.[1]

With respect to the proposed slander claim against defendant Manny Howard, Plaintiff asserts, in his proposed amended complaint, that defendant Howard is liable

---

[1] Furthermore, with respect to the IIED and NIED claims, they are barred by Maine's Borrowing Statute, 14 M.R.S.A. § 866, given that, under New York law, a plaintiff may not bring an emotional distress claim premised on the same nucleus of facts alleged to support a defamation claim. *See EEOC v. Die Fliedermaus, L.L.C.* 77 F. Supp. 2d 460, 472-73 (S.D.N.Y. 1999) (noting that New York courts dismiss "intentional infliction of emotional distress claims where the plaintiffs have also asserted a defamation claim arising from the same conduct.").

6

for statements he allegedly made while interviewing or attempting to interview, a source for a different article intended to be published in the *New York Times*. Plaintiff alleges that defendant Howard left a telephone message for the former manager of one of plaintiff's Maine restaurants seeking information on plaintiff's personal debt. Plaintiff further alleges that Howard made statements that the plaintiff faced multiple personal lawsuits, judgments, liens and tax problems and that these statements were false. Finally, plaintiff asserts in the proposed amended complaint that these statements damaged both his personal and professional reputation. In opposition, the defendants argue that, as a member of the press, Howard was merely questioning a news source and any statements made during the course of an interview are not defamatory. Defendants' argument is unpersuasive at the motion to dismiss stage.

In Maine, the elements of defamation generally are as follows: (a) a false and defamatory statement concerning another; (b) an unprivileged publication to a third party; (c) fault amounting at least to negligence on the part of the publisher; and (d) either actionability of the statement irrespective of special harm or the existence of special harm caused by the publication. *Cole v. Chander*, ME 2000 104, ¶ 5, 752 A.2d 1189, 1193 (citing RESTATEMENT (SECOND) OF TORTS § 558 (1977)). Slander, in particular, is the publication of a defamatory statement "by spoken words, transitory gestures or by any form of communication not included in the definition of libel." RESTATEMENT § 568 cmt. b at 568(2). Because plaintiff has alleged conduct that would adversely affect his fitness for the proper conduct of a business, trade or profession, he does not need to make a showing of special harm. *See Marston v. Newavam*, 629 A.2d 587 (Me. 1993).

Although it is true that "the raising of questions," by a newspaper reporter, "without more, [is] insufficient to sustain a defamation suit," because they "may simply be … expressions of uncertainty," *Chapin v. Knight-Ridder, Inc.* 993 F.2d 1087, 1098 (4th Cir. 1993) that is not the situation alleged in the proposed amendment. Here, the

7

plaintiff has alleged that defendant Howard asserted false facts regarding the plaintiff's personal and professional debt and reputation and that allegation is enough to state a claim for which relief can be granted. *See Beverly Hills Foodland, Inc. v. United Food and Commercial Workers Union*, 39 F.3d 191, 195 (8th Cir. 1994) .

The court notes further that plaintiff has alleged facts sufficient to survive a claim of "futility" regarding this court's jurisdiction over Defendant Howard pursuant to Maine's Long Arm Statute, 14 M.R.S.A. 704-A.[2] Plaintiff has alleged that Manny Howard placed a call to the former manager of one of the Maine restaurants; that in the course of that phone call he made slanderous statements relating to plaintiff; and that plaintiff suffered harm in Maine. *See Bickford v. Onslow Mem. Hosp. Found., Inc.*, 2004 ME 111, ___ A.2d ___ (discussing Maine's Long Arm statute); and *Tyson v. Whitaker & Son, Inc.*, 407 A.2d 1, 3 n.5 (Me. 1979)(noting that the statute does not limit the benefits of the provision only to residents of this state).[3] The court leaves additional questions regarding the applicability of section 704-A to future argument of the parties. Further, because "under traditional choice of law rules, the forum state generally applies its own statute of limitations to a cause of action," *Johanson v. Dunnington*, 2001 ME 169, ¶ 6, 785 A.2d 1244, 1246, Maine's two-year statute of limitations for slander cases applies and

---

[2] The relevant portion of that statute reads:

> Any person, whether or not a citizen or resident of this State, who in person or through an agent does any of the acts hereinafter enumerated in this section, thereby submits such person . . . to the jurisdiction of the courts of this State as to any cause of action arising from the doing of any of such acts:
>
> B. Doing or causing a tortious act to be done, or causing the consequences of a tortious act to occur within this State . . . .

14 M.R.S.A. § 704-A(2) (2003).

[3] The court notes that it has not decided whether plaintiff is in fact a resident of Maine. The court, instead, is relying on the assertions made in Plaintiff's complaint and has not considered extraneous documents alleged to either sustain or controvert those claims. *See Moody v. State Liquor & Lottery Comm'n*, 2004 ME 20, 843 A.2d 43.

plaintiff filed his claim within that period. 14 M.R.S.A. § 753. Accordingly, the court finds that Plaintiff has properly alleged the elements necessary to sustain a slander claim and the proposed amendment to the complaint, as to that count, is not futile and should be granted.

## 2. Defendants' Motion to Dismiss

In their briefs, both parties dispute whether or not Plaintiff may be considered a Maine resident or, alternatively, a dual resident of Maine and New York. The question of residency is central to a determination of whether Maine's Borrowing Statute, 14 M.R.S.A. § 866, bars plaintiff from bringing his claims in this court. Under that statute, "[n]o action shall be brought by any person whose cause of action has been barred by the laws of any state . . . while all parties have resided therein." 14 M.R.S.A. § 866 (2003). It is important to note that the statute specifies *residence* not domicile. The Law Court has previously explained that "a person can have more than one residence but only one domicile." *Levasseur v. Aaron*, 503 A.2d 1291, 1293 (Me. 1986); *Cf., Connolly v. Serunian*, 21 A.2d 830 (Me. 1941)(finding that, with respect to another clause of section 866, "residence" is synonymous with "dwelling place" and must be in one place.). Given this principle, it is not necessary for the court to determine whether the time Plaintiff spends in Maine is significant enough to constitute domicile. It is enough to note that he has conceded that he maintains a home in New York and that he primarily resides there, albeit with an "intention" to return to Maine, and that he was in fact residing in New York at the time the New York action was dismissed. All of the defendants are New York residents. Maine's Borrowing Statute therefore applies.

Plaintiff's New York action for defamation was dismissed because the New York Supreme Court found that the New York one-year statute of limitations applied and had run. That claim, therefore, was barred by the laws of New York and pursuant to section 866, plaintiff is barred from bringing it in this court. Further, the New York

court similarly considered and dismissed Plaintiff's claims relating to defamation in Maine as well as his tortious interference claims. That court found that the tortious interference claim failed as a matter of law because it failed to allege interference with a contract. With respect to the defamation alleged to have occurred in Maine, the New York court found that that claim was also barred by New York's statute of limitations because the alleged defamatory act was performed solely in New York. Because the dismissal in New York of those actions has barred Plaintiff's causes of action in New York, under Maine's borrowing statute, his action is similarly barred in this court insofar as it involves the same parties and the same claims. The defendants' motion to dismiss the defamation and tortious interference claims against defendant Howard and defendant Observer, therefore, are granted.

With respect to those claims as alleged against defendant Kempner, who was not named as a defendant in the New York action, the court finds that they are barred pursuant to the doctrine of *res judicata*. Plaintiff has named Kempner as a defendant in this action and alleged that, as President and general counsel for the Observer, he "approved" the article prior to publication. As such, plaintiff has named defendant Kempner in his capacity as an officer and as general counsel. Based on this, the court finds that defendant Kempner is in privity with the Observer. *See, Gonzalez v. Banco Cent. Corp.*, 27 F.3d 751, 758-60 (1st Cir. 2003); and *Friez v. First Am. Bank*, 324 F.3d 580, 583 (8th Cir. 2003) ("Although officers are generally treated as separate from a corporation for purposes of preclusion, they may be in privity with a corporation if they are named as defendants in their capacity as officers."). Because all three elements of *res judicata*, as laid out in *Beegan*, 541 A.2d at 644, and discussed above, are met plaintiff's claims against defendant Kempner are barred and defendants' motion to dismiss is granted.

The net effect is that only the slander action of Plaintiff Matthew Kenney against Defendant Manny Howard survives.

The entry is

Plaintiff Matthew Kenney's Motion to Amend Complaint to add Searsport Tavern, LLC and Market Restaurant LLC as plaintiffs is DENIED; and additional counts for IIED, NIED, and False Light is DENIED.

Plaintiff Matthew Kenney's Motion to Amend Complaint to add a count for slander against Defendant Manny Howard is GRANTED.

Defendants' Motion to Dismiss the original complaint is GRANTED.

Dated at Portland, Maine this 22ⁿᵈ day of September, 2004.

Robert E. Crowley
Justice, Superior Court

11

MATTHEW KENNEY - PLAINTIFF
C/O SHIRLEY KENNEY PO BOX 12
SEARSPORT ME 04974
Attorney for: MATTHEW KENNEY
DAVID CHAMBERLAIN - LIMITED 08/06/2004
AINSWORTH & THELIN PA
7 OCEAN ST
PO BOX 2412
SOUTH PORTLAND ME 04116-2412


Attorney for: MATTHEW KENNEY
VISITING ATTORNEY - RETAINED 08/09/2004
VISITING ATTORNEY

-

- -



vs
MANNY HOWARD - DEFENDANT

Attorney for: MANNY HOWARD
JONATHAN PIPER - RETAINED 12/24/2003
PRETI FLAHERTY BELIVEAU PACHIOS & HALEY
ONE CITY CENTER
PO BOX 9546
PORTLAND ME 04112-9546

Attorney for: MANNY HOWARD
SIGMUND D SCHUTZ - RETAINED 12/24/2003
PRETI FLAHERTY BELIVEAU PACHIOS & HALEY
ONE CITY CENTER
PO BOX 9546
PORTLAND ME 04112-9546

Attorney for: MANNY HOWARD
VISITING ATTORNEY - RETAINED 01/16/2004
VISITING ATTORNEY

-

- -


BRIAN KEMPNER - DEFENDANT

Attorney for: BRIAN KEMPNER
JONATHAN PIPER - RETAINED 12/24/2003
PRETI FLAHERTY BELIVEAU PACHIOS & HALEY
ONE CITY CENTER
PO BOX 9546
PORTLAND ME 04112-9546

Attorney for: BRIAN KEMPNER
SIGMUND D SCHUTZ - RETAINED 12/24/2003
PRETI FLAHERTY BELIVEAU PACHIOS & HALEY
ONE CITY CENTER
PO BOX 9546
PORTLAND ME 04112-9546

SUPERIOR COURT
CUMBERLAND, ss.
Docket No   PORSC-CV-2003-00656


DOCKET RECORD

Attorney for: BRIAN KEMPNER
VISITING ATTORNEY   - RETAINED 01/16/2004
VISITING ATTORNEY

-

-   -


THE NEW YORK OBSERVER, L.P - DEFENDANT

Attorney for: THE NEW YORK OBSERVER, L.P
JONATHAN PIPER   - RETAINED 12/24/2003
PRETI FLAHERTY BELIVEAU PACHIOS & HALEY
ONE CITY CENTER
PO BOX 9546
PORTLAND ME 04112-9546


Attorney for: THE NEW YORK OBSERVER, L.P
SIGMUND D SCHUTZ   - RETAINED 12/24/2003
PRETI FLAHERTY BELIVEAU PACHIOS & HALEY
ONE CITY CENTER
PO BOX 9546
PORTLAND ME 04112-9546


Attorney for: THE NEW YORK OBSERVER, L.P
VISITING ATTORNEY   - RETAINED 01/16/2004
VISITING ATTORNEY

-

-   -


THE NEW YORK OBSERVER INC. - DEFENDANT

Attorney for: THE NEW YORK OBSERVER INC.
JONATHAN PIPER   - RETAINED 12/24/2003
PRETI FLAHERTY BELIVEAU PACHIOS & HALEY
ONE CITY CENTER
PO BOX 9546
PORTLAND ME 04112-9546


Attorney for: THE NEW YORK OBSERVER INC.
SIGMUND D SCHUTZ   - RETAINED 12/24/2003
PRETI FLAHERTY BELIVEAU PACHIOS & HALEY
ONE CITY CENTER
PO BOX 9546
PORTLAND ME 04112-9546


Attorney for: THE NEW YORK OBSERVER INC.
VISITING ATTORNEY   - RETAINED 01/16/2004
VISITING ATTORNEY

-

-   -


Filing Document: COMPLAINT
Filing Date: 11/26/2003

Minor Case Type: OTHER NON-PERSONAL INJURY TORT