# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-3931

_____

Gerald M. Tyler,

        Appellant,

v.

Craig D. Danielson; Erwin
Danielson; The RiverBank,

        Appellees.

\*
\*
\*
\*  Appeal from the United States
\*  District Court for the
\*  District of Minnesota.
\*
\*  [UNPUBLISHED]
\*
\*

_____

Submitted: October 31, 2007
Filed: November 8, 2007

_____

Before WOLLMAN, COLLOTON, and BENTON, Circuit Judges.

_____

PER CURIAM.

Gerald M. Tyler appeals from the district court's[1] dismissal with prejudice of his pro se complaint, in which he alleged that The RiverBank and two of its officers, Craig and Erwin Danielson, committed various acts of fraud in managing his bank

_____

[1]The Honorable Paul A. Magnuson, United States District Judge for the District of Minnesota.

accounts and in connection with litigation in state court. The district court based its dismissal on the <u>Rooker-Feldman</u>[2] and claim-preclusion doctrines.

We review the district court's dismissal de novo. <u>See</u> <u>Heartland Acad. Cmty. Church v. Waddle</u>, 335 F.3d 684, 688-89 (8th Cir. 2003); <u>Friez v. First Am. Bank & Trust</u>, 324 F.3d 580, 581 (8th Cir. 2003) (per curiam). We conclude from a careful examination of the record that Tyler brought some of the same claims against RiverBank in a prior state-court action, that his purportedly new claims arose out of the same series of transactions as his claims in the state-court action, and that the Danielsons were in privity with RiverBank for all relevant purposes. <u>See</u> <u>Friez</u>, 324 F.3d at 582 (individuals sued in subsequent action because of statements made as officers and managers of bank were in privity with bank and claims against them were precluded); <u>Vukelic v. Upper Third St. Sav. & Loan Ass'n</u>, 269 N.W. 273, 274-75 (Wis. 1936) (when principal's liability rests on tortious act of agent, either principal or agent may plead prior judgment as bar to subsequent suit though only one of them was party to suit in which judgment was rendered).

We further conclude that all of the allegations of wrongdoing in the complaint meet the requirements of claim preclusion under Wisconsin law, and we affirm the dismissal of the entire complaint on that basis. <u>See</u> <u>LeMay v. U.S. Postal Serv.</u>, 450 F.3d 797, 799 (8th Cir. 2006) (court may affirm district court's dismissal on any basis supported by record); <u>Hicks v. O'Meara</u>, 31 F.3d 744, 746 (8th Cir. 1994) (federal court gives preclusive effect to state-court judgment according to state's law); <u>Kruckenberg v. Harvey</u>, 694 N.W.2d 879, 884-85 (Wis. 2005) (elements of claim preclusion under Wisconsin law are (1) identity between parties or their privies in prior and present suits; (2) prior litigation resulted in final judgment on merits by court with jurisdiction; and (3) causes of action in two suits arise out of same relevant facts,

---

[2]<u>Dist. of Columbia Ct. of App. v. Feldman</u>, 460 U.S. 462, 476 (1983); <u>Rooker v. Fidelity Trust Co.</u>, 263 U.S. 413 (1923).

transactions, or occurrences); see also Smith v. Schreiner, 56 N.W. 160, 161 (Wis. 1893) (mere appeal does not affect judgment as bar to another action).[3]

Finally, we reject Tyler's argument that his complaint presented a federal question by referring to an individual retirement account (IRA). Tyler pleaded only common-law fraud, which does not depend on resolution of a substantial question of federal law. See Lundeen v. Canadian Pac. Ry. Co., 447 F.3d 606, 611 (8th Cir. 2006) (federal question is raised when well-pleaded complaint establishes either that federal law creates cause of action or that right to relief necessarily depends on resolution of substantial question of federal law), cert. denied, 127 S. Ct. 1149 (2007); cf. Reliance Ins. Co. v. Zeigler, 938 F.2d 781, 783-84 (7th Cir. 1991) (IRA not established and maintained by employer is not employee-benefit plan and cannot be subject to federal preemption under Employee Retirement Income Security Act).

For the reasons stated, the judgment is affirmed. Tyler's pending motions are denied as moot.

_____

_____

[3]We note that our disposition should not have a preclusive effect on the pending state-court litigation between Tyler and RiverBank. See, e.g., McLaughlin v. Alban, 775 F.2d 389, 391 (D.C. Cir. 1985) (per curiam) (declining to afford preclusive effect to decisions which relied wholly on preclusive effect of prior decisions; preclusion does not apply where issues were not "actually litigated" and decided "on the merits"); see also 18 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure, § 4404 (2d ed. 2002) (when ruling by first court has been given preclusive effect by second court, first court should not be precluded in turn from reconsidering its own ruling in continuing proceedings).