**CHARTER CABLE PARTNERS, LLC, Plaintiff,**

v.

**CITY OF LAKEVILLE, MINNESOTA, Defendant.**

**Civ. No. 13–3111 (RHK/JSM).**

United States District Court, D. Minnesota.

Signed Sept. 2, 2014.

Edward W. Gale, Thomas C. Atmore, Leonard, O'Brien, Spencer, Gale & Sayre, Ltd., Minneapolis, MN, Gardner F. Gillespie, Paul Werner, Sheppard Mullin Richter & Hampton LLC, Washington, DC, for Plaintiff.

Katherine M. Swenson, Kathryn N. Hibbard, John M. Baker, Greene Espel PLLP, Minneapolis, MN, for Defendant.

## ORDER

RICHARD H. KYLE, District Judge.

This action arises out of a 1998 Cable Television Franchise Agreement (the "Agreement") between Plaintiff Charter Cable Partners, LLC ("Charter") and Defendant City of Lakeville, Minnesota (the "City"). Pursuant to that Agreement, Charter was granted the exclusive right to offer cable-television services to City residents for a 15–year period, and in return the City was to receive an annual franchise fee equal to five percent of the revenue Charter generated in the City. The Agreement further provided that Charter "shall collect on behalf of [the] City an initial per Subscriber fee of Fifty Cents ($.50) per month solely to fund educational and governmental access-related expenditures" and remit those fees to the City. Despite this language, for the next 15 years Charter never collected or remitted such fees, because it was (allegedly) instructed by the City not to do so.

This all changed in 2013, when the City and Charter began to discuss renewing the Agreement for another 15–year term. In the course of those discussions, the City directed Charter to begin collecting the fees—and then demanded nearly $1 million Charter had failed to collect over the Agreement's term. Charter then commenced the instant action, seeking a declaration it need not pay and, even if some obligation existed, the City was estopped from collecting and/or had waived its right to collect; it sought no monetary relief. A short time later, the City Council issued "Findings of Fact" determining that Charter had materially breached the Agreement by failing to collect and remit the fees. The City then counterclaimed in this action for breach of the Agreement and sought to recover the uncollected fees.

In June 2014, the Court heard oral argument on the City's Motion for Summary Judgment. At the conclusion of that hearing, the Court encouraged the parties to work together to reach an amicable resolution of this case. Thereafter, the City withdrew, with prejudice, its Findings of Fact determining that Charter had breached the Agreement, and it moved to dismiss, with prejudice, its counterclaim for breach of the Agreement. And as a result, it moved to dismiss Charter's declaratory claims as moot. Charter, however, would not consent to dismissal and continues to press on in this case, asserting that the City's recent actions have not rendered this action moot. The Court does not agree.

Article III of the Constitution grants federal courts the power to hear "Cases" and "Controversies." This "requirement subsists through all stages of federal judicial proceedings, trial and appellate." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477, 110 S.Ct. 1249, 108 L.Ed.2d 400 (1990). A case becomes moot—and therefore no longer a "Case" or "Controversy" for purposes of Article III—when "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Already, LLC v. Nike, Inc.*, —— U.S. ——, 133 S.Ct. 721, 726, 184 L.Ed.2d 553 (2013) (quotation omitted). Thus, a case is moot when "changed circumstances [have] already provide[d] the requested relief and eliminate[d] the need for court action." *McCarthy v. Ozark Sch. Dist.*, 359 F.3d 1029, 1035 (8th Cir.2004).

In the Court's view, changed circumstances here have eliminated the need for action and have rendered this case moot. The City has withdrawn its Findings of Fact, in which it determined that Charter had breached the Agreement, and it has agreed to dismiss its counterclaim alleging breach. Once the counterclaim is dismissed and the Court enters judgment, *res judicata* will bar the City from alleging breach in the future or from seeking fees uncollected during the Agreement's term. *Lundquist v. Rice Mem'l Hosp.*, 238 F.3d 975, 977 (8th Cir.2001) (*per curiam*) ("Final judgment on the merits of an action precludes the same parties from relitigating issues that were or could have been raised in that action."). Hence, Charter's requested relief—a declaration that it need not pay fees because it did not breach the Agreement—will no longer be live once judgment enters on the counterclaims here. This case is moot.

Charter argues this action remains live because voluntary cessation of conduct cannot moot a case, as it would "leave a defendant free to return to his old ways"— in other words, it contends that despite recent actions, the City remains free to allege breach again in the future. But this simply ignores the reality of the City's recent conduct. Notably, both the withdrawal of the Findings of Fact and the proposed dismissal of the City's counterclaims are *with prejudice*. The City cannot again allege Charter breached the Agreement by failing to collect fees, nor can it ever again seek to recover the fees—any such claims would be barred. Charter's *concerns* that the City "may attempt to make the same improper [fee] demands" in the future are thus illusory and "too speculative to keep [this] otherwise moot controversy alive." *St. Louis Fire Fighters Ass'n Int'l Ass'n of Fire Fighters Local 73 v. City of St. Louis*, 96 F.3d 323, 330 (8th Cir.1996).

Finally, Charter argues that if the Court concludes this action is indeed moot, it should nevertheless award the fees incurred in connection with this case, since the City's allegation of breach was—and always has been—"facially untenable." The Court declines to address this issue at this juncture. If Charter believes it is entitled to recover its fees, it may bring a motion in accordance with Federal Rule of Civil Procedure 54(d)(2) and Local Rule 54.3, citing the legal authority (28 U.S.C. § 1927, Federal Rule of Civil Procedure 11, etc.) it believes authorizes a fee award.[1]

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS ORDERED** that the City's Motion for

---

**1.** Despite the dismissal of this action, the Court retains jurisdiction to award fees, if appropriate, whether as a sanction or otherwise. *See, e.g., Perkins v. Gen. Motors Corp.*, 965 F.2d 597, 599–600 (8th Cir.1992); Fed. R.Civ.P. 54(d)(2)(B)(i). Based on the proceedings to date, however, the Court believes it would be unlikely to award fees here.

Voluntary Dismissal (Doc. No. 34) is **GRANTED.** The City's counterclaims (Doc. No. 11) are **DISMISSED WITH PREJUDICE** and Charter's Complaint (Doc. No. 1) is **DISMISSED WITH PREJUDICE** as moot. The hearing on the Motion for Voluntary Dismissal, currently scheduled for September 11, 2014, is **CANCELED.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

