# United States Court of Appeals
## For the Eighth Circuit
_____

No. 23-3414
_____

James Saylor

*Plaintiff - Appellant*

v.

Rob Jeffreys, Director of the Nebraska Department of Correctional Services, in his official capacity

*Defendant - Appellee*
_____

Appeal from United States District Court
for the District of Nebraska - Omaha
_____

Submitted: November 20, 2024
Filed: March 19, 2025
_____

Before COLLOTON, Chief Judge, BENTON and KELLY, Circuit Judges.
_____

BENTON, Circuit Judge.

James M. Saylor sued the Director of Nebraska's Department of Correctional Services, alleging deprivation of accommodations, unlawful placement in solitary confinement, and discrimination based on disability. The district court[1] dismissed

---

[1]The Honorable John M. Gerrard, United States District Judge for the District of Nebraska.

the complaint. He appeals. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

In 1985, Saylor, convicted of second-degree murder, was sentenced to life in prison. Assaulted by other inmates in 2002, he was later diagnosed with post-traumatic stress disorder due to the attack. In 2010, he won a $250,000 judgment against the Department for its failure to stop the attack and provide adequate care afterward.

In 2012, Saylor sued in federal court attacking the conditions of his confinement (*Saylor I*). ***Saylor v. Kohl***, 2016 WL 8201925 (D. Neb. Nov. 28, 2016). In 2017, he brought two suits in state court, also attacking the conditions of his confinement (*Saylor II* and *Saylor III*). *See* ***Saylor v. State***, 995 N.W.2d 192, 196 (Neb. 2023). All cases were dismissed.[2]

Saylor brought this fourth case under Title II of the Americans with Disabilities Act ("ADA") and Section 504 of the Rehabilitation Act. The district court dismissed, concluding his claims were barred by res judicata.

Saylor first argues that the district court erred in concluding the claims in this case are based on the same nucleus of operative facts as those alleged in *Saylor 1*. He asserts that in January 2018, the Director "took away accommodations he had previously provided to Saylor, placed [him] in solitary confinement, excluded [him] from programs, activities, aids, and services, and did so discriminatorily based upon [his] disability, PTSD." These facts, his argument goes, "were sufficient to comprise a transaction which may be made the basis of a second action not precluded by the first."

This court reviews de novo the dismissal of a case on res judicata grounds. ***Yankton Sioux Tribe v. U.S. Dep't of Health & Hum. Servs.***, 533 F.3d 634, 639 (8th Cir. 2008). Res judicata is when "a final judgment on the merits of an action

---

[2]This court takes judicial notice of the records in these cases.

precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Id*. The doctrine applies when: "(1) the first suit resulted in a final judgment on the merits; (2) the first suit was based on proper jurisdiction; (3) both suits involve the same parties (or those in privity with them); and (4) both suits are based upon the same claims or causes of action." *Elbert v. Carter*, 903 F.3d 779, 782 (8th Cir. 2018). "Whether two claims are the same for res judicata purposes depends on whether the claims arise out of the same nucleus of operative fact or are based upon the same factual predicate." *Id*.

On November 28, 2016, the district court dismissed Saylor's § 1983 claims in *Saylor I*, 2016 WL 8201925. One month later, he moved to: (1) vacate the dismissal pursuant to Fed. R. Civ. P. 59(e), and (2) file a third amended complaint pursuant to Fed. R. Civ. P. 15(a)(2). The district court denied his motions. *Saylor v. Kohl*, 2017 WL 486921, at *1 (D. Neb. Feb. 6, 2017).

Saylor argues that in *Saylor I*, the district court "did not dismiss with prejudice or rule on the merits . . . but simply found that [he] had not met the standard for a Rule 59(e) motion . . ." and also refused to allow an amended complaint. He concludes that there was no "judgment on the merits" in *Saylor I*, and thus res judicata does not bar his claim in this case.

To the contrary, it is "well settled that denial of leave to amend constitutes res judicata on the merits of the claims which were the subject of the proposed amended pleading." *King v. Hoover Grp., Inc.*, 958 F.2d 219, 222–23 (8th Cir. 1992). Saylor tries to counter with *Lundquist v. Rice Memorial Hospital*, 238 F.3d 975 (8th Cir. 2001). While employed, Lundquist sued alleging discrimination under the ADA. 238 F.3d at 976. Later, she was fired. *Id.* The court denied her motion to add later "specific discriminatory events" resulting in alleged wrongful termination. *Id.* at 976–77. She then filed a second suit. This court held that her wrongful termination claims were not barred by res judicata because she "did not have a claim for wrongful termination at the time she filed her first Complaint," so "the merits of Lundquist's wrongful termination claim were never addressed by the district court." *Id*. at 978.

-3-

Unlike Lundquist, Saylor had an ADA claim when he filed his *Saylor I* complaint. Saylor believes that his claims here arise from new facts that occurred years after *Saylor I*. He says that the new facts are the "Director's rescission of accommodations, which had been provided to him *after* the facts in, and the filing of, *Saylor I*." *See **id.*** at 977 ("it is well settled that claim preclusion does not apply to claims that did not arise until *after* the first suit was filed.") (cleaned up).

In fact, Saylor's proposed amended complaint in *Saylor I* would have added an ADA claim arising out of "the same nucleus of operative fact" as his original complaint there—so he could have brought the ADA claim then. *See **Elbert***, 903 F.3d at 782. In this case, Saylor again complains of ADA discrimination by the Director but alleges no new specific discriminatory events. In *Saylor I*, Saylor alleged that he was "discriminated against" because "of his disease or disability, specifically PTSD." Here, Saylor asserts he "has been, and continues to be, discriminated against because he has PTSD." Although both complaints reference his time in prison from 2002 to 2013, the complaint here adds that he "continued to be housed in solitary confinement" from 2013 to 2016, and 2018 to 2021. Saylor's complaint repeats facts from *Saylor I*, adding how they continued and reoccurred. Any "new facts" may be additional evidence, but are not specific discriminatory events. The nucleus of operative facts remains the same. *See **Banks v. Int'l Union Elec., Elec., Tech., Salaried & Mach. Workers***, 390 F.3d 1049, 1052–53 (8th Cir. 2004) ("Where a plaintiff fashions a new theory of recovery or cites a new body of law that was arguably violated by a defendant's conduct, res judicata will still bar the second claim if it is based on the same nucleus of operative facts as the prior claim."). "The pertinent question is whether the second claim is based on subsequent legal or factual events that produce a different nucleus of operative facts, not whether those events inspire new legal theories of recovery or provide additional evidence supporting the previously rejected claim." ***United States v. Bala***, 948 F.3d 948, 951 (8th Cir. 2020). When the *Saylor I* court denied the motion to amend, it addressed the merits of his ADA claim and issued a final judgment.

Saylor emphasizes *Whole Woman's Health* to assert that claim preclusion does not apply to claims based on new facts. See **Whole Woman's Health v. Hellerstedt**, 579 U.S. 582, 599–600 (2016) ("Material operative facts occurring after the decision of an action with respect to the same subject matter may in themselves, or taken in conjunction with the antecedent facts, comprise a transaction which may be made the basis of a second action not precluded by the first.").

Saylor's "new facts" refer to the Director's "rescission of accommodations which the Director had provided to Saylor from late 2017 until early 2018." His complaint outlines the following facts:

- In 2016, Saylor experienced a mental breakdown.
- After a hospital stay, he was transferred to the Mental Health Unit, given a single cell, and provided other accommodations.
- He remained in the Mental Health Unit from July 25, 2016, to January 24, 2018.
- He was later ordered out of the Mental Health Unit but refused to comply, leading officials to place him in the LCC C Unit—solitary confinement.

The movement into and out of the Mental Health Unit does not give rise to a new claim. Saylor acknowledges that he was placed "back into solitary confinement"—the same conditions this Court found lawful in *Saylor I*. *See **Saylor I**,* 2016 WL 8201925 at *1. While Saylor's transfer to the Mental Health Unit was a subsequent event, it did not produce a different nucleus of operative facts. The essence of his complaint is unchanged: he seeks a cell of his own. The movement is only one "transaction" in a "series of connected transactions" alleging discrimination against Saylor. *See **Lane v. Peterson**,* 899 F.2d 737, 742 (8th Cir. 1990) (quoting Restatement (Second) of Judgments § 24 (1980)). Saylor's reliance on the prisoners-drinking-contaminated-water analogy in *Whole Woman's Health* is inapplicable. 579 U.S. at 600 ("If at first their suit is dismissed because a court does not believe that the harm would be severe enough to be unconstitutional, it would make no sense

to prevent the same prisoners from bringing a later suit if time and experience eventually showed that prisoners were dying from contaminated water."). Here, there is no time and experience effect.[3] Saylor's ADA claim was neither "remote" nor "speculative" when it was rejected in *Saylor I*. *See id.* at 601. An eighteen-month stay in the Mental Health Unit, and subsequent return to conditions this court held constitutional, is not the kind of "concrete factual development" contemplated by the Supreme Court. *See id.* at 602.

The district court properly applied res judicata in this case.

Second, Saylor argues the district court should have granted his motion for "consideration of issue and directions." Construing this as a motion for extension of time to amend the complaint, the court denied the motion. This court reviews the denial of an extension for abuse of discretion. ***Soliman v. Johanns***, 412 F.3d 920, 921 (8th Cir. 2005). Saylor's motion does not explicitly request leave to amend. Nor does the motion explain the substance of the proposed amendment. "A district court does not abuse its discretion in failing to invite an amended complaint when plaintiff has not moved to amend and submitted a proposed amended pleading." ***Drobnak v. Andersen Corp.***, 561 F.3d 778, 787 (8th Cir. 2009). The district court did not abuse its discretion by denying the motion.

Third, Saylor challenges the district court's rejection of his Rule 59(e) motion to alter or amend the judgment. This, too, is reviewed for abuse of discretion. *See* ***Wagstaff & Cartmell, LLP v. Lewis***, 40 F.4th 830, 842 (8th Cir. 2022). "A district court has broad discretion in determining whether to grant a Fed. R. Civ. P. 59(e) motion to alter or amend judgment, and this court will not reverse absent a clear abuse of discretion." ***Innovative Home Health Care, Inc. v. P.T.-O.T. Assocs. of***

---

[3]This does not suggest that an extended period in solitary confinement can never produce a new claim. This case does not provide the opportunity to address whether indefinite solitary confinement might give rise to a new conditions-of-confinement claim if, for example, the conditions caused significant deterioration of mental or physical health over time. *See* ***Whole Women's Health***, 579 U.S. at 600.

***the Black Hills***, 141 F.3d 1284, 1286 (8th Cir. 1998) (cleaned up). Saylor's rule 59(e) motion repeated arguments that the district court rejected in dismissing his complaint. There is no ground for reversal. *See **Voss v. Hous. Auth. of the City of Magnolia***, 917 F.3d 618, 626 n.6 (8th Cir. 2019) (concluding "the district court did not abuse its discretion in denying [appellant's] Rule 59(e) motion, which largely repeated the same arguments advanced at the summary judgment stage.").

Fourth, Saylor argues that the district court erred in denying his motion for leave to file his third amended complaint. As discussed, Saylor's claims—which repeated in the third amended complaint—are barred. The third amended complaint is thus futile. *See **Popoalii v. Corr. Med. Servs.***, 512 F.3d 488, 497 (8th Cir. 2008) (motion to amend complaint properly denied if amendment would be futile).

\* \* \* \* \* \* \*

The judgment is affirmed.

_____