# United States Court of Appeals
### For the Eighth Circuit

_____

No. 25-1325
_____

Damon Charles Sanford

*Plaintiff - Appellant*

v.

Officer Brad Robinson

*Defendant - Appellee*

_____

Appeal from United States District Court
for the Western District of Arkansas - Fayetteville

_____

Submitted: November 14, 2025
Filed: November 20, 2025
[Unpublished]

_____

Before LOKEN, BENTON, and STRAS, Circuit Judges.

_____

PER CURIAM.

Damon Sanford appeals following the district court's[1] adverse grant of summary judgment in his pro se 42 U.S.C. § 1983 action raising Fourth Amendment

_____

[1]The Honorable Christina D. Comstock, United States Magistrate Judge for the Western District of Arkansas, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

false arrest, malicious prosecution, and false imprisonment claims against Washington County Sheriff's Office deputy Brad Robinson. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

Upon de novo review, this court concludes that summary judgment was properly granted on all claims, because Sanford was not subjected to a seizure. *See Davis v. Dawson*, 33 F.4th 993, 997 (8th Cir. 2022) (to establish Fourth Amendment violation, plaintiff must demonstrate that seizure occurred); *Gareis v. 3M Co.*, 9 F.4th 812, 818 (8th Cir. 2021) (standard of review; this court may affirm summary judgment for any reason supported by record). The issuance of the felony citation to Sanford did not constitute a seizure, and the evidence did not establish that Sanford's voluntary encounter at the Washington County Sheriff's Office ripened into a seizure; while Sanford alleged that Robinson grabbed and threatened him, he offered no competent evidence at summary judgment to rebut Robinson's evidence showing otherwise. *See Brown v. City of Dermott*, 151 F.4th 985, 990 (8th Cir. 2025) (summons to appear in court on criminal charges did not constitute seizure); *Oglesby v. Lesan*, 929 F.3d 526, 532–33 (8th Cir. 2019) (stating that consensual encounters between officers and citizens that do not involve coercion or restraint are not seizures, and listing factors in determining whether reasonable person would feel free to terminate encounter); *Thomas v. Corwin*, 483 F.3d 516, 527 (8th Cir. 2007) (mere allegations unsupported by specific facts or evidence are insufficient to withstand motion for summary judgment).

This court finds no abuse of discretion in the district court's grant of summary judgment before the discovery period expired, its denial of Sanford's Federal Rule of Civil Procedure 59(e) motion, or its denial of Sanford's post-judgment motion for recusal under 28 U.S.C. § 455. *See Saylor v. Jeffreys*, 131 F.4th 864, 868 (8th Cir. 2025) (standard of review; no ground for reversal where Rule 59(e) motion repeated arguments that district court rejected); *Ballard v. Heineman*, 548 F.3d 1132, 1136–37 (8th Cir. 2008) (standard of review; discovery need not be complete before court grants summary judgment, unless party files affidavit showing what facts further discovery may uncover); *Fletcher v. Conoco Pipe Line Co.*, 323 F.3d 661, 663–65

(8th Cir. 2003) (standard of review; recusal motion must be made at earliest possible moment after obtaining knowledge of facts demonstrating basis for such motion, and adverse ruling does not constitute sufficient basis for disqualification without clear showing of bias or partiality).

The judgment is affirmed, and Sanford's pending motions are denied.

_____